394 So.2d 779 (1981)
Keith BARBER
v.
Paul F. BEST and Dairyland Insurance Company.
No. 11856.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1981.
*780 Graffagnino, Perez & Roberts, A. Russell Roberts, Metairie, for plaintiff-appellee.
Young, McMahon & Levert, Edward L. Levert, Jr., New Orleans, for defendants-appellants.
Before SAMUEL, GULOTTA and CHEHARDY, JJ.
GULOTTA, Judge.
The trial judge awarded plaintiff a judgment in the sum of $1,300.00 as damages from an automobile accident on January 7, 1979. Included in the award is the sum of $1,100.00, the value of a 1971 Plymouth Valiant "totaled" in the accident, less $100.00 in salvage paid to plaintiff, together with $200.00 for loss of use and inconvenience.
Defendants appealing claim: (1) plaintiff failed to establish the identity of defendant Paul F. Best as the driver of the offending vehicle; (2) no evidence was introduced to establish that Dairyland Insurance Company was the liability insurer of Paul Best; (3) the $910.58 repair estimate does not support the $1,100.00 "totaled" value award; and, (4) error was committed by the trial judge in making an award for inconvenience.
Considering the arguments in the same order as presented, we reject the contention that plaintiff failed to establish Best as the driver of the automobile. Plaintiff testified that after the accident, at the scene, Paul F. Best identified himself as the driver of the automobile that struck plaintiff's car. Barber had not known Best before the accident and he did not see the defendant's driver's license. Plaintiff testified further that the police did investigate the accident. Best did not testify, and although represented by counsel at the trial, this defendant was not present. Considering Barber's testimony, together with the absence of any defense evidence that Best was not the driver of the defendant vehicle, we cannot say the trial judge erred when he concluded, in oral reasons, that Best was the driver of the automobile involved in this accident. We, therefore, do not disturb that part of the decree which casts Paul F. Best in judgment.
We reach a different result, however, regarding the judgment rendered against Dairyland Insurance Company. In paragraph 10 of the petition, plaintiff alleges that "... Dairyland Insurance Company, had in full force and effect a policy of automobile public liability coverage on the said automobile driven by the defendant, Paul F. Best." Defendants deny the allegations of paragraph 10 and state further "... that a policy of insurance, if any, is the best evidence of its contents." Examination of the record fails to disclose any reference to a policy of insurance, any offer of the insurance policy or any testimony relating to coverage. Defendants' answer calls for proof by plaintiff of policy coverage. Plaintiff simply failed to produce that proof and under the circumstances any judgment against Dairyland Insurance Company, as insurer of Best in this case, is error.
We cannot conclude that Dairyland's active participation in the defense of Best at the trial, failure to introduce any evidence denying that it was Best's insurer and its filing of a request for notice, motion for new trial and a suspensive appeal, together with posting security for that appeal, are proof that Dairyland is the liability insurer of Best. A plaintiff suing on an *781 insurance contract has the burden of establishing the existence of the policy sued on and its terms and provisions. Boyd v. White, 123 So.2d 835 (La.App. 2d Cir. 1960). Plaintiff must plead and prove his claim falls within the general policy, whereas the insurer must prove exclusions from coverage. Carriere v. Triangle Auto Service, 340 So.2d 665 (La.App. 4th Cir. 1977). Plaintiff has not met his burden in our case.[1]
Turning now to defendants' argument relating to quantum and entitlement to damages for inconvenience, we amend and reduce, in slight measure, the automobile damage award, but affirm the loss of use and inconvenience award. The trial judge found the cash value of the automobile at the time of the accident to be $1,200.00. Plaintiff had purchased the vehicle as a used car approximately two years prior to the accident for $1,500.00. The estimate from Caruso Body Shop for repairs to the damaged vehicle amounted to $910.58. Steve Caruso, the estimator, explained, however, that because additional body repairs are usually required and not observable until after the actual repairs are undertaken, the cost of repairs would probably be higher. It was Caruso's opinion that it was not "worth his while trying to repair the automobile." His estimate of the value of the automobile at the time of the accident was $1,100.00. Although the automobile was not repaired, Caruso gave plaintiff $100.00 for the damaged automobile and he purchased another used vehicle from Caruso. The estimator testified further that because the damaged estimate exceeded 80% of the value of the car, the repairs not be undertaken. The repairs to plaintiff's automobile were not made in this case.
The trial judge apparently misinterpreted Caruso's testimony when he arrived at a conclusion that the cash value of the automobile at the time of the accident amounted to $1,200.00. In his oral reasons, the judge allowed 80% of the $1,500.00 purchase price of the automobile two years prior to the accident. The 80% figure mentioned by Caruso was in reference to the extent of damage to the vehicle in reaching a determination of the feasibility of repairing the automobile. The 80% figure was not used by him in relation to the purchase price as suggested by the learned trial judge in his oral reasons.
Under the circumstances, we conclude that the $1,200.00 actual cash value loss as determined by the trial judge is in error. The undisputed and uncontradicted testimony of Caruso places that value at $1,100.00. Accordingly, we reduce the amount of the award for loss of the automobile by the sum of $100.00.
Finally, we conclude the trial judge properly recognized plaintiff's entitlement to an award for loss of use and inconvenience. His judgment is consistent with our holdings in Patton v. Precision Motors, Inc., 352 So.2d 341 (La.App. 4th Cir. 1977) and Nolan v. Liuzza, 301 So.2d 892 (La.App. 4th Cir. 1974). Plaintiff, a nineteen-year-old student testified that he used the automobile to go back and forth to school and work. It was the only automobile available to him for that purpose. Approximately one month elapsed between the time of the accident and the time that he was able to obtain an automobile for such use. During this interim he used public transportation but was inconvenienced, according to his testimony, because of the additional time required in transportation between home and work and school. We cannot say under these circumstances that the $200.00 award in this case is an abuse of the trial court's discretion.

DECREE
Consistent with the foregoing, we reverse that part of the decree casting Dairyland *782 Insurance Company in judgment and dismiss plaintiff's suit against this defendant. We amend and reduce that part of the judgment in favor of plaintiff and against Paul F. Best from $1,300.00 to $1,200.00 with legal interest from date of demand until paid. Costs to be paid by Paul F. Best.
REVERSED IN PART. AMENDED IN PART, AND AS AMENDED, AFFIRMED.
NOTES
[1] In so holding, we distinguish Carriere v. Triangle Auto Service, supra, and Lucas v. Doe, 371 So.2d 336 (La.App. 4th Cir. 1979), two cases where no policy was in evidence and we remanded the matter to permit plaintiff to introduce the policy and establish insurance coverage. In the cited cases, the answers of the insurers admitted the existence of a policy. In our case Dairyland's answer effectively denies that any policy exists. No remand is warranted in our case.