690 So.2d 756 (1997)
Tammy TURNER, et al., Plaintiffs-Appellants,
v.
Deackra Nita ALEXANDER, et al., Defendants-Appellees.
No. 29148-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1997.
Richard B. King, Shreveport, for Plaintiffs-Appellants.
Tracy L. Oakley, Ruston, for Defendant-Appellee Safeway Insurance Co.
Before NORRIS, BROWN and PEATROSS, JJ.
NORRIS, Judge.
The plaintiffs, Tammy Turner and Marie Jackson, appeal a judgment that cast the defendant, Deackra Nita Alexander, for general *757 and special damages arising out of an auto accident, but dismissed Safeway Insurance Company, which had issued a policy with an "omnibus" clause to Ms. Alexander's husband. The issue on appeal is whether Ms. Alexander was a permissive-use driver of her husband's car. For the reasons expressed, we reverse and render.

Factual background
In February 1994 Ms. Alexander was driving a 1984 Oldsmobile Cutlass owned by her husband, Charles Ray Alexander, from whom she was separated at the time. Ms. Alexander rear-ended a car on Jewella Drive, and caused a chain-reaction collision that involved four vehicles. Marie Jackson and her mother, Tammy Turner, were driving the Pontiac 6000 that was the last car impacted. They filed the instant suit against Ms. Alexander, Safeway, and others involved in the accident. The district court found that the accident was solely Ms. Alexander's fault; this finding is not contested on appeal.
The finding of fault required the court to consider Ms. Alexander's insurance coverage. Safeway had issued a Personal Automobile Policy to Mr. Alexander, covering the 1984 Cutlass at the time of the accident. This policy provided, in pertinent part, with emphasis added:
Persons insured. The following are insureds under Part I:
(a) With respect to the owned automobile,
(1) the named insured,
(2) any other person using such automobile to whom the named insured has given permission, provided the use is within the scope of such permission * * *.
"named insured" means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household.
Safeway alleged that Ms. Alexander was not covered because she was neither the named insured nor an omnibus insured, as the latter is defined above. The policy, admitted as Exhibit J-1, clearly shows that only Charles Ray Alexander is the named insured; trial testimony established that Ms. Alexander and her husband were separated at the time, having lived at different addresses for about three years. Ms. Alexander could be insured only if Charles Ray Alexander had given her permission to use the car.
The trial court found that Charles Ray Alexander commonly left the car and keys at Ms. Alexander's house, and noted the plaintiffs' contention that this course of conduct established implied permission to drive it. The court also noted Safeway's contention based on Gremillion v. Goleman, 316 So.2d 810 (La.App. 1st Cir.1975), and Butler v. Edward, 564 So.2d 1309 (La.App. 1st Cir. 1990), writ denied 90-2105 (La. 11/26/90), 569 So.2d 986, that "leaving keys in a parked car or mere friendship" is not sufficient to establish implied permission. The court concluded, based on Ms. Alexander's testimony, that "she knew she did not have permission to drive Charles Ray Alexander's car." R. p. 107. The court ruled that in possessing or using the car she was not covered by the policy.

Applicable law
When the policy is phrased in terms of "permission," then coverage exists only when the operator has the express or implied permission of the insured; the operator's subjective belief will not suffice. Francois v. Ybarzabal, 483 So.2d 602 (La.1986). The plaintiff has the burden of proving initial use with the express or implied permission of the insured to make coverage effective under the omnibus clause. Manzella v. Doe, 94-2854 (La. 12/8/95), 664 So.2d 398. Initial permission must be proved by a preponderance of the evidence, without the aid of any presumptions. Id.; Prudhomme v. Imperial Fire & Cas. Co., 95-1502 (La.App. 3d Cir. 4/3/96), 671 So.2d 1116, writ granted in part and denied in part 96-1030 (La. 6/7/96), 674 So.2d 987. Implied permission generally arises from a course of conduct by the named insured involving acquiescence in, or lack of objection to, the use of the vehicle. Manzella v. Doe, supra, and citations therein. Thereafter, coverage is denied only if the deviation from permissive use amounts to theft or other conduct displaying utter disregard for the return or safekeeping of the *758 vehicle. Francois v. Ybarzabal, supra. Leaving keys in a parked car does not constitute implied permission for use by a thief, and friendship alone is insufficient to establish implied permission. See McKenzie & Johnson, 15 La.Civil Law Treatise (Insurance Law and Practice), § 53, and citations therein (West, 1996). However, a personal relationship with other factors may prove the required permission. Id., and citations therein.
The omnibus clause must be interpreted broadly, with the goal of protecting the operator of the automobile from liability, protecting persons injured by the operator, and preventing collusion. Norton v. Lewis, 623 So.2d 874 (La.1993); Perkins v. McDow, 615 So.2d 312 (La.1993) (concurring op. of Watson, J.). The trial court's findings cannot be reversed except on a finding of manifest error. Norton v. Lewis, supra.

Discussion
The plaintiffs urge that the district court erred in finding that Ms. Alexander lacked permission to use the Cutlass. The court correctly noted that it was a "common occurrence" for Charles Ray to leave the car and keys at his wife's residence. In fact, Charles Ray testified that he had left the car there regularly since August or September 1993, five or six months prior to this accident. The court apparently did not consider that during this time Ms. Alexander shared custody of the couple's five children, who ranged in age from five to 14, or that Charles Ray was aware that the children either walked to school "or somebody took them." Both testified that Ms. Alexander had no other vehicle at her Penick Street residence. Ms. Alexander also testified that she lived off food stamps and SSI, and normally had to call a cab to go to the grocery store. Charles Ray stated that he told her not to use the car, but admitted he was aware that she did so. He also admitted that after he told her, around Christmas, to stop driving it, she continued to do so. When asked why he still left the keys with Ms. Alexander, he testified he "didn't want to" take them away. R. pp. 192-193. He also admitted he was not angry at her for using the car. On these facts, Charles Ray must have reasonably expected his wife would continue to use the car. It is plainly wrong to find otherwise.
Further, Charles Ray Alexander testified that Safeway's adjuster actually prompted him to say, in a phone interview, that someone had broken into his house and stolen the keys to the Cutlass shortly before this accident occurred. At trial Charles Ray denied any burglary, but said that because the adjuster was so "rude and abrupt" he told her "what she wanted to hear." R. p. 187. This strongly suggests collusion or duress to avoid insurance liability, thus making Charles Ray's denial of permission suspect. Norton v. Lewis, supra; Perkins v. McDow, supra. Even when read most favorably to support the judgment, Charles Ray's testimony shows only a feeble, verbal attempt to stop his wife from using the car, and ineffective in light of his plainly permissive conduct.
The district court was plainly wrong to find that Charles Ray Alexander's course of conductgiving his wife access to the car, allegedly protesting its use but allowing it to continuewas not implied permission to use the owned automobile. The record preponderates to show that Charles Ray acquiesced in Ms. Alexander's use of the car and accepted the benefits therefrom; this amounts to implied permission to use it. Manzella v. Doe, supra; Francois v. Ybarzabal, supra. Judgment will be rendered accordingly.

Decree
The judgment is reversed insofar as it absolved Safeway Insurance Company of liability. Judgment is rendered against DEACKRA NITA ALEXANDER and SAFEWAY INSURANCE COMPANY, jointly and in solido, and in favor of the plaintiff TAMMY TURNER, for $1,902.00, and in favor of MARIE JACKSON, for $1,506.00, both amounts bearing legal interest from judicial demand until paid. Trial and appellate costs are assessed to Safeway.
REVERSED AND RENDERED.