I,MICHAEL E. KIRBY, Judge.
This is an appeal following a trial on the merits from the First City Court of the City of New Orleans involving an automobile accident. Plaintiff was awarded property damages for his vehicle, and the defendant appealed. For the reasons hereinafter stated we reverse.

STATEMENT OF FACTS AND PROCEDURAL HISTORY:

This is an action for property damages arising out of a rear-end collision. Plaintiff, Cedric Richmond (Richmond), filed suit against Joseph Shorter, III, claiming Shorter, III was the driver of the vehicle that rear ended him. Also sued was USAA Casualty Insurance Company (USAA) as Shorter Ill’s insurer.
The matter was tried on January 9, 2002. At the commencement of trial, the attorney for USAA entered a stipulation into the record as follows:
I’m going to go ahead and stipulate to insurance coverage. Specifically, that USAA maintains [sic] at the time of the accident that forms a basis of this matter. — it provided a policy of insurance which extended liability and property damage coverage to Joseph Shorter, III, for an amount in excess of this Honorable Court’s jurisdictional limit of $20,000.
UAt trial, Richmond testified that he was rear-ended by a car driven by a gentleman he identified in the courtroom as Gregory Shorter, not the defendant Shorter, III. He further related that his vehicle sustained extensive damages. Expert witness testimony showed that the repair cost exceeded the value of the vehicle. Richmond also produced a rental car receipt in the amount of $1,542.15, which he charged on his credit card. USAA’s attorney objected to the introduction of the rental car bill, stating that she did not receive a copy of the bill prior to trial. The trial judge overruled the objection, stating that USAA was aware of the rental car expense, and further, that Richmond paid the bill with his credit card.
*1172 Gregory Shorter testified that he was driving the vehicle that rear-ended Richmond, and that he was insured by USAA. At the completion of Gregory Shorter’s testimony, USAA’s attorney motioned the court for an involuntary dismissal based on the fact that Richmond sued the wrong person. It was admitted at trial that Joseph Shorter, III, was the owner of the vehicle and that Gregory Shorter was the driver at the time of the accident. The trial court denied the motion to dismiss, and stated the following:
The court is going to go ahead and deny the involuntary dismissal. You stipulated that there was insurance coverage for the vehicle for this accident. No name was mentioned in [sic] anybody. Do you understand? And Mr. Shorter, whoever he might be, relative or son or whatever — stated that he was involved in the accident and he was the driver of the vehicle. There is negligence. So I’m denying it on those grounds.
Judgment was rendered on January 17, 2008. Joseph Shorter, III, was dismissed from the case, and Richmond was awarded damages only from USAA in the amount of $6,542.15 plus interest and costs. Although the judgment does not break down the award between property damage and rental car expense, the written ^reasons for judgment indicate that the court allowed the rental car expense of $1,542.15. This would imply that property damage was awarded in the amount of $5,000.00, but neither party requested a new trial or clarification of judgment from the trial court. USAA filed this appeal.

ASSIGNMENTS OF ERROR:

USAA makes the following assignments of error: 1) the trial court erred in refusing to grant the motion for involuntary dismissal; 2) in the alternative, the trial court erred in awarding property damage on a vehicle that was damaged from a previous accident; and 3) in the alternative, the trial court erred in allowing the introduction of the rental car bill when it was not authenticated and not provided to counsel before trial.
Richmond asserts that the amount of property damages awarded by the trial court was too low, and that the court’s judgment was not in line with the reasons for judgment. Specifically, Richmond submits that the testimony of USAA’s witnesses placed the repair estimate on the vehicle between $7,000 and $8,000. It is therefore asserted that the judgment should be increased to $7500.00 plus the rental car bill.

CONTENTIONS OF THE PARTIES:

In the first assignment of error, USAA argues that Richmond failed to carry his burden of proof that USAA extended coverage to the driver, Gregory Shorter. As such, USAA submits that the trial court erred in rendering a judgment against it. Particularly, USAA submits that Richmond failed to prove that the driver, Gregory Shorter, was insured under the policy, failed to establish the relationship Rbetween Gregory Shorter and Joseph Shorter, III, and failed to establish whether Gregory Shorter had permission to operate the vehicle.
In the alternative, USAA argues that the trial court, in awarding property damage, failed to take into account the preexisting damage on the vehicle. USAA called two witnesses for trial who testified that the underbody structure of the vehicle was weakened as a result of improper repair from a previous accident.
Finally, USAA argues that the trial court improperly allowed the introduction of the rental car bill because the document was not previously produced through discovery requests.
*1173 In defense of this appeal, Richmond argues that USAA stipulated to insurance coverage for the accident. Specifically, at the start of the trial, counsel for USAA declared, “I am going to go ahead and stipulate to insurance coverage.” Richmond submits that the stipulation could only have been offered for two reasons: 1) to stipulate insurance coverage, or 2) to mislead the court and opposing party into thinking that insurance coverage was stipulated to.
Richmond further contends that USAA was served with a petition and put on notice that the vehicle owned by it’s insured, Joseph Shorter, III, was involved in an accident. Moreover, it is argued that USAA knew of Gregory Shorter’s involvement in the accident, as they brought him to trial to testify. Richmond suggests that, USAA attempted to sit quietly hoping to evade liability because Richmond named the wrong party, and in doing so, violated La. R.S. 22:1220(B) which states in part: “Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed by Subsection A: (1) Misrepresenting pertinent facts of insurance policy provisions |Krelating to any coverages at issue.” For this alleged violation, Richmond seeks penalties and attorney’s fees.

STANDARD OF REVIEW

The well-established standard of appellate review dictates that this court not overturn a judgment of a lower court absent an error of law or finding of fact that is manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State through Department of Transportation and Development, 617 So.2d 880 (La.1993).

DISCUSSION:

After a thorough review of the record, and for the reasons that follow, we find the Court below erred as a matter of law in finding the owner’s insurance company, USAA Casualty Insurance Company, liable for plaintiffs damages.
First, we conclude that the stipulation dictated by defense counsel at the beginning of the trial, supra, must be read in pari materia with the plaintiffs petition. Plaintiff alleged that USAA Casualty Insurance Company was the insurer of Shorter, III and that the policy was in full force and effect at the time of the accident. In their answer the defendants denied this allegation except to admit that USAA Casualty Insurance Company had in effect a policy insuring Shorter III. They specifically pleaded that the policy was the best evidence of its contents and pleaded it by reference. Plaintiff had also asserted in his petition that Shorter, III was driving the offending vehicle that struck him. In response to this specific assertion, defendants denied the allegations “because the facts alleged are not known to defendant.” In light of the pleadings,' therefore, defense counsel at trial |fimerely admitted that USAA Casualty Insurance Company had issued a policy that covered the car involved in the accident if Shorter, III was the driver.
Second, nowhere in the plaintiffs petition is it alleged that Shorter, III was the owner of the vehicle. At trial the policy of insurance, although pleaded in the answer, was not introduced by either party. Therefore, its provisions, if any, regarding permissive users of the car at issue remain unknown. At trial, Shorter, III was never called to testify. Gregory Shorter, who was not subpoenaed by any party, was present at trial, apparently at defense counsel’s request. During the plaintiffs testimony he identified Gregory Shorter, sitting in the back of the courtroom, not Joseph Shorter, III as the driver of the vehicle that struck him. This prompted plaintiffs counsel to call Gregory Shorter *1174 as a witness in his case. This Mr. Shorter admitted driving the vehicle at issue and he described the dynamics of the accident. However, he was never asked who owned the car, whether he had permission to use the car, the circumstances or purposes for which he was using the car, his age or his relationship, if any, to Joseph Shorter, III.
Interestingly, on re-direct plaintiffs counsel did ask Gregory for the name of his insurer. He responded simply, “USAA.” That answer is unhelpful as it is ambiguous, at best, since it is unknown whether the response was a reference to automobile insurance. If it was a reference to car insurance, it is likewise unknown if he was referring to the policy covering the car at issue in this case, or a policy covering another vehicle, such as one he himself may have owned. These issues were never clarified at trial.
It is axiomatic that the plaintiff must prove his civil case by a preponderance of the evidence. In other words all evidence, direct and circumstantial, taken as a whole must show that the causation or fact sought to be proved is more probable |7than not. See Rosen v. State ex rel. Dept. of Transp. and Development, 2001-0499, pp. 14-15 (La.App. 4 Cir. 1/30/02), 809 So.2d 498, 509 and cases cited therein.
Our brethren on the Second Circuit have had occasion recently to address similar issues regarding insurance coverage for non owner users of an automobile who are not specifically named in the policy:
All motor vehicle liability insurance policies are required to include an omnibus clause which extends coverage to the person named therein and to any other person using such motor vehicle with the express or implied permission of the named insured. LSA-R.S. 82:900(B).
[[Image here]]
The plaintiff has the burden of proving initial use with the express or implied permission of the insured to make coverage effective under the omnibus clause. Initial permission must be proved by a preponderance of the evidence. [Emphasis added] [citations omitted]
[[Image here]]
Wells v. Kemper Casualty Insurance Co. 35,305, p. 3-4 (La.App. 2 Cir. 12/28/01), 803 So.2d 450, 452-453.
In Barber v. Best, 394 So.2d 779 (La. App. 4 Cir.1981) this court was confronted with a situation very analogous to the one before us now. There the trial court had awarded plaintiff damages against Best and Dairyland Insurance Company as a result of an accident. The defendant was not present at trial and thus did not testify, although he was represented by counsel. Dairyland Insurance Company appealed claiming plaintiff had not proved Best was driving the vehicle; that he failed to prove Dairyland was the insurer of Best; and, that the trial court incorrectly assessed the amount of damages.
Is As to the issue of driver identity, the appellate court found sufficient evidence in the record to support the lower court’s finding that Best was driving at the time of the accident and it left the judgment undisturbed as to him. The court concluded, though, that plaintiff had not proved his case against Dairyland. Plaintiffs petition had alleged Dairyland had issued a liability policy covering the vehicle driven by Best. Defendants denied this allegation and asserted that the policy, if any, was the best evidence of its contents. The court then stated:
Examination of the record fails to disclose any reference to a policy of insurance, any offer [into' evidence] of the *1175 insurance policy or any testimony relating to coverage. Defendants’ answer calls for proof by plaintiff of policy coverage. Plaintiff simply failed to produce that proof and under the circumstances any judgment against Dairyland Insurance Company, as insurer of Best in this case, is error. We cannot conclude that Dairyland’s active participation in the defense of Best at the trial, failure to introduce any evidence denying that it was Best’s insurer and its filing of a request for notice, motion for new trial and a suspensive appeal, together with posting security for that appeal, are proof that Dairyland is the liability insurer of Best. A plaintiff suing on an insurance contract has the burden of establishing the existence of the policy sued on and its terms and provisions. [Citation omitted.] Plaintiff must plead and prove his claim falls within the general policy, whereas the insurer must prove exclusions from coverage. [Citation omitted.] Plaintiff has not met his burden in our case. [Footnote omitted.] [Emphasis added.]
Barber v. Best, supra at 780-81.
In this ease we conclude, after careful examination of the record, that plaintiff failed to prove USAA provided coverage to Gregory Shorter for this accident. The stipulation, as noted supra, only stated that USAA provided coverage for the accident if Shorter, III was proven to be the driver. Defendants’ answer denied that Shorter, III was driving the vehicle that struck plaintiff and | ¡¡admitted only that it had issued a policy to Shorter, III, thus denying it had issued a policy that was in full force and effect at the time of the accident. Plaintiff had the burden of introducing evidence to show that Gregory Shorter was a permissive user of the vehicle who was covered by the omnibus clause. He did not introduce any such evidence. As in Barber v. Best, supra, it was also incumbent on plaintiff to establish the existence of the policy and its terms and conditions to see if it covered Gregory Shorter, who was not sued, at the time of this accident. He did not. Having failed to produce this evidence, plaintiff failed to prove that it was more probable than not that USAA provided coverage for the driver involved in this accident. It was legal error for the court to deny USAA’s motion for involuntary dismissal due to the lack of evidence concerning the right or authority by which Gregory Shorter was using the car at issue. The judgment against USAA must be reversed.
In light of this conclusion, it is unnecessary to consider USAA’s other assignments of error.

CONCLUSION:

For the reasons stated herein, we reverse the judgment of the trial court.
REVERSED.