877 So.2d 195 (2004)
Earl P. WIMBERLY, Plaintiff-Appellee,
v.
Johnnie CLARK and Allstate Insurance Co., Defendant-Appellants.
No. 38,583-CA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 2004.
*196 Law Offices of Harold G. Toscano, Baton Rouge by S. Curtis Mitchell, for Appellants.
Davis Law Office, LLC by S.P. Davis, Sr., Shreveport, for Appellee.
Before DREW, MOORE and LOLLEY, JJ.
MOORE, J.
The defendants, Mrs. Johnnie Clark and Allstate Insurance Company, appeal a Shreveport City Court judgment in favor of Rev. Earl P. Wimberly for damages arising out of an auto accident. For the reasons expressed, we reverse and render.
On the afternoon of April 2, 2001, Rev. Wimberly, an elderly pastor, was driving his Ford Taurus south on St. Vincent Avenue near 79th and 80th Streets. According to Rev. Wimberly, Mrs. Clark's Pontiac Catalina came off 80th St., made a wide right turn onto St. Vincent, crossed the center line and struck his Taurus in the southbound lane. He also testified two men were in the Catalina's front seat; the driver, a short, dark-skinned man, fled on foot before the police arrived, while Mrs. Clark, the owner of the car, stayed in the back seat. This account was largely corroborated by an eyewitness, Kenneth Ferris, who was two streets away, removing his pants leg from his bicycle chain when the accident happened.
Mrs. Clark testified that she and her husband, John Clark, were going north on St. Vincent; John was driving, she was in the front passenger seat, and there was nobody else in the car. She testified that the Taurus crossed the center line and struck them in the northbound lane. Mrs. Clark's account was corroborated by Officer Farquhar, who testified that accident debris was lying in the northbound lane. The officer also testified that both Mrs. Clark and her husband were sitting in the front seat of the Catalina when he arrived on the scene.
*197 Rev. Wimberly filed suit in city court against Mrs. Clark and Allstate, alleging that she "had an existing valid outstanding automobile insurance policy of liability issued by defendant insurer Allstate." An attached request for production of documents sought "a certified copy of all liability policies * * * covering the vehicle driven by the defendant." Allstate's answer admitted that it "issued a policy of insurance, wherein the named insured appeared as Johnnie Clark; said policy is a written document and as such, is the best evidence of what it purports to contain, and that accordingly, the entire contents of the policy are pled herein as if copied in extenso." Allstate's response (if any) to the request for production is not in the record.
The case was tried in September 2003. Rev. Wimberly never offered a copy of the Allstate policy into evidence, and there was no stipulation as to coverage. In addition to the facts noted above, Rev. Wimberly testified that the two men in the front seat of the Catalina got out of the car and kicked debris into the southbound lane, a depiction denied by Mrs. Clark. Neither Rev. Wimberly nor his witness, Kenneth Ferris, identified the driver of the Catalina, but both were certain that he fled the scene before police arrived.
In an oral ruling, the court accepted Rev. Wimberly's account of the accident: there were three people in Mrs. Clark's car; an unnamed person was driving it with her permission, and he negligently drove it into Rev. Wimberly's car; parties in Mrs. Clark's vehicle moved the debris after the accident. The court further found, "Allstate who is the insured of Mr. Clark is definitely liable for this accident." The court found that Rev. Wimberly sustained soft-tissue injuries that caused discomfort for two to three months. It awarded general damages of $5,000 and medical expenses of $766.79. In response to counsel's inquiry, the court specified that both defendants, Mrs. Clark and Allstate, should be cast in judgment.
Mrs. Clark and Allstate have appealed suspensively, raising five assignments of error. We find merit in the first two assignments.
By their first assignment, the appellants urge the court committed legal error by rendering judgment against Mrs. Clark when the evidence clearly showed she was not the driver of the vehicle. They correctly point out that every single witness identified somebody else  either John Clark or the unnamed man  as the driver.
The owner of a vehicle is not usually liable for damages occurring when another is operating the vehicle. Oaks v. Dupuy, 32,070 (La.App. 2 Cir. 8/18/99), 740 So.2d 263, writ not cons., 99-2729 (La.11/24/99), 750 So.2d 993; Jones v. Western Preferred Cas. Co., 633 So.2d 667 (La.App. 1 Cir.1993), writ denied, 635 So.2d 1123 (1994). Exceptions to this rule occur when the driver is on a mission for the owner of the vehicle, when the driver is an agent or employee of the owner, and when the owner is himself negligent in entrusting the vehicle to an incompetent driver. Id. Rev. Wimberly offered no proof that the unnamed driver was Mrs. Clark's agent or employee or that he was incompetent to drive. Mrs. Clark testified that before the accident, she and her husband had paid her insurance premium, but there was no evidence that they were still on that mission, or any mission for her, when the accident occurred. In short, the general rule applies, and the evidence does not support any of the exceptions. On this record, the city court was plainly wrong to find Mrs. Clark liable for the accident.
Rev. Wimberly further argues that whoever was driving the Catalina, it was with *198 Mrs. Clark's express or implied consent, thus making him a "permissive user." In support he cites Norton v. Lewis, 623 So.2d 874 (La.1993), and Wells v. Kemper Casualty Ins., 35,304 (La.App. 2 Cir. 12/18/01), 803 So.2d 450, writ denied, XXXX-XXXX (La.3/28/02), 812 So.2d 634. These cases hold that a permissive user will obligate the owner's liability insurer under the standard omnibus clause. They do not hold that the owner is personally liable for torts of the permissive user. That would require proof of an exception outlined in Oaks v. Dupuy, supra. As there was no such proof, Mrs. Clark cannot be liable for this accident.
By their second assignment, the appellants urge the court erred in entering judgment against Allstate when no policy was entered into evidence and there was no proof of coverage. They contend that a plaintiff suing on an insurance policy has the burden of establishing both the existence of the policy and its terms and provisions. Barber v. Best, 394 So.2d 779 (La.App. 4 Cir.1981); Richmond v. USAA Casualty Ins. Co., XXXX-XXXX (La.App. 4 Cir. 11/5/03), 860 So.2d 1170.
In Richmond, supra, the plaintiff alleged that USAA was the insurer of the named defendant; USAA admitted there was a policy in effect, but that the policy itself was the best evidence of its contents. At the start of trial, USAA stipulated that it issued a policy in favor of the named insured. However, the plaintiff identified someone other than the named insured as the driver of the car that rear-ended him. The plaintiff never offered a copy of any USAA policy showing that the person driving the car was an insured or subject to an omnibus clause. The city court rendered judgment against USAA on the basis of permissive use. The court of appeal, however, found that the plaintiff failed to prove the existence of a policy, and its terms and conditions, that would make it liable for the driver's tort. The court therefore reversed the judgment against USAA.
The instant case is similar, except Rev. Wimberly's showing was even weaker. By answer, Allstate admitted it issued "a policy of insurance, wherein the named insured appeared as Johnnie Clark," but this ambiguous response does not even specify that it was an automobile liability policy. Although Rev. Wimberly requested a copy of the policy through discovery, there is no evidence that he pressed the matter by motion to compel or by subpoena duces tecum. Most importantly, Allstate did not stipulate any coverage at trial, thus making it incumbent on Rev. Wimberly to offer some evidence of coverage. None was ever produced. As in Richmond, supra, the evidence simply does not support a finding that Allstate issued coverage for this accident. The judgment is plainly wrong and must be reversed.
Because the judgment is reversed as to both named defendants, we pretermit any consideration of the other assignments of error, regarding causation, an evidentiary matter and damages. The judgment of the city court is reversed and judgment is hereby rendered in favor of the defendants, Johnnie Clark and Allstate Insurance Company, rejecting the demands of Rev. Wimberly at his costs.
REVERSED AND RENDERED.