984 So.2d 905 (2008)
Mae T. LEE
v.
HARTFORD INSURANCE COMPANY OF MIDWEST, United National Insurance Company and Michael Odie.
No. 2007-CA-1309.
Court of Appeal of Louisiana, Fourth Circuit.
May 7, 2008.
David W. Bernberg, Henna Ghafoor, The Law Office of David W. Bernberg, L.L.C., NEW ORLEANS, LA, for Plaintiff/Appellee, Mae T. Lee.
Michael L. Stewart, Law Office of Jeff Rytlewski, Metairie, LA, for Appellant, Hartford Insurance Company.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge JAMES F. McKAY, III).
JOAN BERNARD ARMSTRONG, Chief Judge.
This appeal arises out of an automobile accident in which the plaintiff, Mae T. Lee, alleges she was injured when the car in which she was driving was struck from the rear by a car owned and operated by Michael Odie. Ms. Lee sued Mr. Odie, his insurer, United National Insurance Company (UNIC), and her own Uninsured/Underinsured Motorist (UM) insurer, Hartford Insurance Company (Hartford). Following a jury trial, the trial court entered judgment on the verdict in favor of Ms. Lee and against Hartford in the amounts of $8,160 for past medical expenses; $50,000 for future medical expenses; $20,000 for past pain and suffering and $11,840 for future pain and suffering. The trial court awarded Ms. Lee $1200 for Dr. Kenneth Vogel's expert fee and $800 for Dr. Stewart Altman's expert fee. The judgment also provided for court costs and judicial interest from the date of demand until paid. This suspensive appeal by Hartford followed. For the reasons that follow, we are compelled to vacate the judgment of the trial court.
Hartford raises two issues on appeal, viz., the sufficiency of evidence as to Mr. Odie's status as an uninsured/underinsured motorist, and coverage under the Hartford policy, both legal issues; the reasonableness of the jury's award of past and future medical expenses, as to which the standard of review is manifest error; and the reasonableness of its award of *907 general damages, as to which the abuse of discretion standard of review is applicable. See, Rosell v. ESCO, 549 So.2d 840 (La. 1989); Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993) cert. den. 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
In the original petition for damages filed on September 3, 2003, Ms. Lee alleges, inter alia, that on or about September 6, 2003 [sic[1]], she was operating her vehicle approaching the intersection of Saint Charles Avenue and Burdette Street when suddenly she was struck from the rear by a vehicle owned and operated by Mr. Odie. She alleged various acts of negligence by Mr. Odie, causing her property damage and personal injury to her neck and back. She averred that at all pertinent times, Mr. Odie had in full force and effect a liability insurance policy issued by UNIC, and that she had in full force and effect UM coverage through a policy issued by Hartford.
In its answer to the original petition, filed on December 26, 2003, Hartford denied Ms. Lee's allegations that it is liable to her for damages as alleged in Paragraph 4 of the petition, admitting only that it "did issue a policy of insurance to Mae T. Lee, and that such policy is the best evidence of the terms and conditions contained therein", in effect denying that the said policy was in full force and effect, affording coverage for the accident of which Ms. Lee complains.
The record contains a Motion to Enforce Settlement Agreement filed by Mr. Odie and UNIC on November 9, 2004, noting that UNIC agreed to pay its $10,000 policy limits in exchange for release of Mr. Odie and dismissal of the suit against Mr. Odie and UNIC. The court, having been advised that Ms. Lee, UNIC and Mr. Odie were able to reach an agreement regarding the return of the closing documents relating to the settlement, rendered judgment on January 7, 2005 ordering Ms. Lee to return properly executed closing documents within seven days of the signing of the judgment. On January 27, 2005, Ms. Lee filed a Partial Motion to Dismiss Mr. Odie and UNIC, specifically reserving any and all rights against other named or unnamed defendants. The trial court signed an Order of partial dismissal with the aforementioned reservation of rights on January 27, 2005.
The matter proceeded to trial against Hartford on April 27.2006. Counsel for both parties having been given a copy of the jury charges, Hartford's counsel did not object to the instruction concerning the stipulations. As part of the instructions to the jury previously submitted to and accepted by counsel, the trial court advised the jury:
With regard to this case, the parties have stipulated that Ms. Lee has incurred medical expenses totaling $8,160. Additionally, the parties have stipulated that the primary tortfeasor in this accident was underinsured at the time of this accident.
In his opening argument to the jury, counsel for Hartford said:
The question here today that Mr. Bernberg [Ms. Lee's counsel] said, how much he [Mr. Odie] was  he didn't have enough coverage. But that's not the question. The question is: you decide what value, if any, to put on Ms. Lee's injuries. Mr. Odie is into [sic] longer a *908 party to the suit, nor is his insurance company. So that's not a factor, though. What simply is a factor for you to decide [sic] what damages, if any, Ms. Lee would be awarded.
* * *
Again, seems simple, but you all will have to decide how these accidents and this overlapping treatment and the pre-existing problems come into play.
It is clear from the record that the parties stipulated to Mr. Odie's status as an underinsured motorist.
Ms. Lee had the burden of proving by a preponderance of the evidence her entitlement to recovery of her damages from Hartford. She had the burden of proving that Hartford issued a policy of insurance to her, which burden was satisfied by Hartford's admission contained in its answer. However, she had the further burden of proving that this admitted policy provided coverage for the damages claimed in the instant case.
In Tunstall v. Stierwald, 01-1765, pp. 6-7 (La.2/26/02), 809 So.2d 916, 921, the Louisiana Supreme Court articulated the burden of proof standard in suits on an insurance policy:
In an action under an insurance contract, the insured bears the burden of proving the existence of the policy and coverage. The insurer, however, bears the burden of showing policy limits or exclusions. [Citations omitted.]
This Court held in Barber v. Best, 394 So.2d 779, 780-81 (La.App. 4 Cir.1981) that a plaintiff suing on an insurance contract has the burden of establishing the existence of the policy sued on and its terms and provisions.
In Winfrey v. Louisiana Carnival Club, Inc., 04-1913 (La.App. 4 Cir. 6/8/05), 907 So.2d 159, the plaintiff was hired to ride on a float in a political parade to monitor overhead obstructions along the proposed parade route, and was injured when the float's tractor driver allegedly failed to advise him of a low bridge. The original defendants filed a third party demand against the tractor's lessee and the lessee's insurer. The matter proceeded to a bench trial, following which the lessee's insurer was cast in judgment. The insurer assigned as error the third party plaintiffs' failure to place the insurance policy in evidence. This Court held that the absence in evidence of the insurance policy that allegedly covered the lessee precluded recovery under the policy. This Court noted that the third party plaintiff was required to provide proof of the existence of the insurance policy as well as the terms and provisions of the policy. Only after this proof was supplied would the burden of proof shift to the insurer to show that its liability under the policy was limited. In Winfrey v. Louisiana Carnival Club, Inc., the record contained an insurance policy issued by the third party defendant insurer that went into effect some five months after the accident in question, and the parties were not able to enter into a stipulation that the effective policy's terms and conditions were substantially similar to those contained in the policy in the record. The Court found that in the absence of a copy of the effective insurance policy, the third party plaintiffs had not met their burden of proving coverage and policy terms. The Court held that because the insurer's counsel stated on the record that the insurer's "position is that there is coverage for this incident, but they would be excess to[the primary insurer]", it would amend the judgment to state that the third party defendant is the excess insurer.
The record of the instant case does not contain a copy of the Hartford policy, nor *909 is there evidence that the parties stipulated to coverage pursuant to the policy. Ms. Lee contends that the fact that Hartford did not refuse to stipulate to its policy constitutes an admission of coverage. However, we find nothing in the record to indicate that Ms. Lee offered Hartford such a stipulation, inviting either its acceptance or refusal.
Ms. Lee also contends in her appellate brief that Hartford's answer, admitting only that it issued a policy to her, is equivalent to a concession that it provided coverage for the accident. In light of Hartford's denial of liability and its plea in the answer that the policy is the best evidence of its terms, it is clear that Hartford placed in question the policy's coverage vel non of the accident in question.
Ms. Lee argues, without citation, that Hartford's failure to move for a directed verdict at the close of her case constitutes a waiver of its right to urge on appeal that Ms. Lee did not sustain her burden of proving coverage. We have been directed to no authority supporting this proposition, nor has our independent research uncovered such support.
Ms. Lee argues that by having framed the issue as one of causation in the opening statement to the jury, Hartford has stipulated to coverage. Prior to counsels' opening statements, the trial court instructed the jurors:
Any remarks, arguments, or statements by the lawyers are not evidence. Neither are any comments that I may make.
* * *
Ladies and gentlemen, we have come to that part of the trial known as opening statements. It is an opportunity for lawyers for both sides to speak to you with regard to what they believe the evidence is going to show to you during the course of this trial.
As you recall, I told you earlier any statements that are made by lawyers are not evidence. The only evidence that you will receive will be the testimony of the witnesses and any documentary evidence that's been introduced.
The trial court submitted its proposed jury instructions to counsel for both parties prior to the commencement of the voir dire examination of potential jurors. The instructions contained the following discussion concerning argument of counsel:
Also, you have heard what the lawyers have had to say about the evidence in their arguments. You must distinguish between that which counsel may have said by way of argument and the evidence upon which those arguments are based. Just because a lawyer has said something is a fact does not mean it is so, no matter how many times it may have been repeated by the lawyer in argument.
The arguments of counsel are nothing more than their suggestions to you as to what they think the evidence is and what it has proven. You may accept or disregard these suggestions as you see fit. What the evidence is and what it has proven is for you and you alone to determine.
The instructions given to the jury concerning argument of counsel, as transcribed by the court reporter, are substantially identical to those submitted to both counsel. These instructions correctly state the law respecting evidence, and the nature of statements and arguments of counsel. We find no authority to support the conclusion that counsel's framing of the causation issue to the jury in the opening statement constitutes a stipulation as to policy coverage.
*910 Absent any proof in the record of the terms of the policy, including its UM limits and UM coverage provisions, we are unable to find support for the imposition of liability against Hartford. For that reason, we are compelled to vacate the judgment of the trial court casting Hartford in judgment and awarding $90,000 in damages, $2000 in expert fees, costs and judicial interest to Ms. Lee. Because of our disposition of this assignment of error, Hartford's assignments of error concerning the reasonableness of the amounts awarded for special and general damages are moot.
JUDGMENT VACATED.
MCKAY, J., dissents.
McKAY, J., dissents.
I respectfully dissent. Hartford is well aware that it issued an insurance policy providing uninsured/underinsured motorist coverage to the plaintiff. To allow Hartford to escape liability, which it has contracted with its insured to assume, on some technicality would be neither equitable nor just.
NOTES
[1] In light of the absence of an Exception of Prescription, and the fact that the date of the accident as specified in the petition is later than the date the petition was filed, we conclude that the date stated in the petition is a typographical error, and the accident occurred on or about September 3, 2002.