| STEPHANIE LEWIS | * | NO. 2022-CA-0409 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| STATE NATIONAL | * | |
| INSURANCE COMPANY, INC., | | FOURTH CIRCUIT |
| D/B/A QEO INSURANCE | * | |
| GROUP, DAVID DEGRUY, | | STATE OF LOUISIANA |
| RICHARD'S DISPOSAL, INC., | * * * * * * * | |
| AND STATE FARM MUTUAL | | |
| AUTOMOBILE INSURANCE | | |
| COMPANY (IN ITS CAPACITY | | |
| AS UN-INSURED/UNDER- | | |
| INSURED MOTORIST | | |
| CARRIER) | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-11114, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge Dale N. Atkins)

**ATKINS, J., CONCURS IN THE RESULT**


Ryan E. Gaudet
G. Adam Savoie
DUDLEY DEBOSIER
622 Baronne Street
New Orleans, LA 70113

      COUNSEL FOR PLAINTIFF/APPELLEE


John W. Waters, Jr.
David Edward Walle, Esq
BIENVENU FOSTER RYAN & O'BANNON, LLC
1100 Poydras Street
Suite 2870
New Orleans, LA 70163

      COUNSEL FOR DEFENDANT/CROSS CLAIM PLAINTIFF/APPELLEE, DAVID DEGRUY

Ronald Lawrence Wilson
ATTORNEY AT LAW
701 Poydras Street
Suite 4100
New Orleans, LA 70139

COUNSEL FOR DEFENDANT/CROSS CLAIM PLAINTIFF/
APPELLEE, RICHARD'S DISPOSAL, INC.

Frederic C. Fondren
MAYHALL FONDREN BLAIZE
1499 St. Charles Street
Houma, LA 70360

COUNSEL FOR DEFENDANT/APPELLANT, STATE NATIONAL
INSURANCE COMPANY, INC.

**REVERSED AND REMANDED**
**DECEMBER 28, 2022**

This appeal is taken from the trial court's judgment granting Appellees', Richard's Disposal, Inc. ("Richard's Disposal"), and David DeGruy ("DeGruy"), Motion for Partial Summary Judgment, which found that Appellant, State National Insurance Company, Inc. ("State National"), owed coverage to DeGruy under the policy in question. For the reasons that follow, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

State National issued commercial automobile insurance policy number QDX-LA000079-00 to Richard's Disposal. The policy was effective from March 29, 2017, through March 29, 2018.

On October 1, 2017, a truck owned by Richard's Disposal and operated by David DeGruy, a Richard's Disposal employee, collided with a vehicle being driven by Stephanie Lewis ("Lewis"). Lewis sued and Richard's Disposal tendered the lawsuit to State National and called on State National to defend and indemnify Richard's Disposal and DeGruy.

1

State National denied coverage on grounds that Richard's Disposal executed a "Named Driver Endorsement/Exclusion," explicitly excluding DeGruy from coverage under the policy. State National then moved for Summary Judgment on the issue of coverage, maintaining that the exclusion was valid and enforceable. On June 5, 2019, the trial court denied State National's Motion for Summary Judgment. State National's Notice of Intent to Apply for Supervisory Writs on the trial court's judgment was also denied as untimely.

State National filed yet another Motion for Summary Judgment, which the trial court denied on May 15, 2020. However, State National timely filed its Notice of Intent to Apply for Supervisory Writs, and the trial court set a return date. This Court denied the writ, stating that genuine issues of material fact remained.

Thereafter, Lewis filed a Motion for Partial Summary Judgment on the coverage issue which the trial court granted in part and denied in part on March 2, 2022, and certified its judgment as final.[1] The trial court found that the driver exclusion cannot be enforced and that Lewis's claims against Richard's Disposal and DeGruy are covered by the State National policy pursuant to La. R.S. 32:900(B)(2)(d) because a replacement insurance policy was not purchased for the excluded driver in accordance with the statute. State National timely appealed, alleging that a genuine issue of material fact existed as to whether DeGruy had permission to drive the Richard's Disposal vehicle at the time of the accident.

**STANDARD OF REVIEW**

---

[1] The trial court denied Lewis's Motion for Summary Judgment as to the issue of whether DeGruy was acting within the course and scope of employment at the time of the accident.

"Appellate courts review judgments granting or denying motions for summary judgment *de novo* using the same criteria district courts consider when determining if summary judgment is proper." *Chaisson v. Progressive Ins. Co.*, 21-0669, p. 3 (La. App. 4 Cir. 7/27/22), 345 So. 3d 1131, 1133 (quoting *Fertitta v. Regions Bank*, 20-0300, p. 9 (La. App. 4 Cir. 12/9/20), 311 So. 3d 445, 452). "A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties." La. C. C. P. art. 966(E).

"The burden of proof rests with the mover; nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C. C. P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*. "When a motion for summary judgment is made and supported as provided [in La. C. C. P. art. 967(A)], an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided [in La. C. C. P. art. 967(A)], must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him." La. C. C. P. art. 967(B). *Chaisson*, 345 So. 3d at 1134.

**DISCUSSION**

3

La. R.S. 32:900(B)(2)(d) states that an owner's policy of liability insurance:

> [s]hall insure the person named therein and any other person, as insured, using any such motor vehicles **with the express or implied permission** of such named insured…[a]n owner may exclude a named person as an insured under a commercial policy if the owner obtains and maintains in force another policy of motor vehicle insurance which provides coverage for the person so excluded….

Emphasis added. Here, State National contends that the trial court's judgment presupposes that DeGruy had express or implied permission to operate the Richard's Disposal vehicle. State National argues that this was not the case and cites depositions from Simone Richard, Richard's Disposal CAO, and Alvin Richard, the owner of Richard's Disposal, who both averred that DeGruy was explicitly prohibited from driving a Richard's Disposal vehicle because he did not have a valid driver's license. The Richards' testimony is undisputed and even corroborated by DeGruy's testimony. However, it is equally undisputed that Richard's Disposal failed to take more extensive precautions to ensure that DeGruy complied with the driving restriction.

A course of conduct can establish implied permissive use. *See Turner v. Alexander*, 29,148, p. 2 (La. App. 2 Cir. 2/26/97); 690 So.2d 756, 757. "Implied permission generally arises from a course of conduct by the named insured involving acquiescence in, or lack of objection to, the use of the vehicle." *Id* at p. 3, 690 So. 2d at 758 (citing *Manzella v. Doe*, 94–2854 (La. 12/8/95), 664 So.2d 398). In *Turner*, the Second Circuit found that "a feeble, verbal attempt to stop [someone] from using the car, [is] ineffective in light of plainly permissive conduct." *Id*. There, Turner had parked his vehicle by his wife's residence and left the keys in it on a regular basis, and though he instructed her not to drive it, he was fully aware that she had no other means of transportation and that their five

children needed to get to school and that she needed to get to the grocery somehow. Given the circumstances, the Turner court found that Turner's course of conduct trumped his mere verbal directive to his wife and found that she was covered as a permissive driver.

DeGruy was employed as an on-call mechanic and given a Richard's Disposal take-home vehicle to use when called. Clearly, Richard's Disposal permitted DeGruy to drive the vehicle in accordance with his work duties, which entailed traveling to different locations of vehicles in need of maintenance/repairs.

Richard's Disposal avers that DeGruy was informed of the driving restriction on July 11, 2017, and again on July 17, 2017, first by the Richard's CAO and again by the owner. There is no testimony in the record stating that Richard's Disposal demanded DeGruy return his car keys when he was told he could no longer drive. Moreover, there is no evidence that DeGruy's job duties changed when his ability to drive was restricted or that the vehicle DeGruy used was re-assigned to a different employee at that time. Presumably, DeGruy continued to drive the Richard's Disposal vehicle in order to perform his job duties until the date of the accident – October 1, 2017. The lack of precautionary measures taken by Richard's Disposal to ensure DeGruy stopped driving create a genuine issue of material fact as to whether Richard's course of conduct constituted implied permission for DeGruy to continue operating a Richard's Disposal vehicle. As such, summary judgment is inappropriate at this time.

For the foregoing reasons, we reverse the trial court's judgment granting Richard's Disposal/DeGruy's Motion for Partial Summary Judgment, and remand the matter for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**