LOTTINGER, Judge.
This appeal results from a garnishment of wages proceeding. The petitioner in this case obtained a judgment against Curtis J. Bergeron. In order to collect upon the said judgment, a petition of garnishment was filed against Harold E. Marks d/b/a Marks Automotive Discount Center, the judgment debtor’s employer, as garnishee on August 4, 1966. The garnishee answered on August 16, 1966, admitting that the judgment debtor was in his employ; that the employee owed him nothing, that there was no prior garnishment, and that the garnishee was paying employee $90.00 weekly. On December 2, 1966, a judgment of garnishment was signed by the Court ordering the garnishee to withhold 20% of the wages of the employee and to pay the same to the Constable of the City Court of Baton Rouge, until final payment of the judgment.
The garnishee failed to make any payment to the Constable. Subsequently a motion was filed by the judgment creditor for a judgment against the garnishee for the full amount of the judgment. On February 28, 1968, the judge of the Lower Court rendered judgment in favor of the petitioner and against the garnishee for the full amount of the judgment due by the judgment debtor in the sum of $563.00 with interest, attorney fees and costs. The garnishee has taken this appeal.
As the briefs were not timely filed in this case, this Court did not have the benefit of oral argument. However, it appears from the brief of the defendant garnishee that he now claims to be a corporation and not an individual and that the judgment below should never have been rendered personally against Mr. Harold E. Marks as he had never done business as an individual and was merely the President of Marks Seat Cover Center, Inc.
There is no question but that the petitioner in garnishment was against the said garnishee operating under the trade name of Marks Automotive Discount Center. Although in its answer to interrogatories, the garnishee sets forth that the appearer therein appears as President of Marks Automotive Discount Center, and a similar allegation is made in the verification to the answer to interrogatories, there are several other pleadings filed in the matter on the part of the garnishee wherein it is stated that Harold D. Marks appears doing business as Marks Automotive Discount Center. Such pleadings consist of an exception of prescription filed by the garnishee, his application for new trial, and his motion for appeal.
*128 It is interesting to note that there is no objection filed in the record, except on this appeal, to the fact that Harold E. Marks was not doing business as the Discount Center but was acting as a corporate president. We therefore find no error in the Lower Court in awarding the judgment against Mr. Marks, individually doing business as the Discount Center.
Garnishee further urges that the Trial Court erred in not maintaining an exception of prescription filed by the garnishee. The record discloses that the writ of seizure was served on the garnishee on August 4, 1966, that the interrogatories were answered on August 16, 1966, and that the judgment of garnishment was signed on December 2, 1966. Garnishee maintains that petitioner waited until December 13, 1967 to bring this action for judgment against garnishee which garnishee claims is a suit ex delicto and such actions prescribe in one year. No law nor jurisprudence of this State has been cited to this Court by garnishee to the effect that such an action is one ex delicto. However, the question is moot, because the plea of prescription was filed on March 6, 1968, after the rendition and signing of the judgment on February 28, 1968, and Article 928 of the Louisiana Code of Civil Procedure clearly and distinctly provides that the peremptory exception may be filed “in the trial court prior to a submission of the case for a decision.”
For the reasons hereinabove assigned the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by garnishee.
Judgment affirmed.