LEMMON, Judge.
This is a garnishment proceeding. Plaintiff, the seizing creditor, has appealed from a judgment dismissing its rule which demanded, among other things, that the court render judgment against “Canal Boulevard Supermarket, and its owner, Anthony Caruso”, as garnishee, for the amount due by the judgment debtor because the garnishee failed to withhold any wages after being served with the supplemental petition for garnishment and accompanying interrogatories.
The issue is whether Anthony Caruso was ever made a garnishee.
I
Plaintiff had obtained a judgment against Harold Backhaus. On March 26, 1975 plaintiff filed a supplemental petition for garnishment, praying that “Canal Boulevard Supermarket, through its agent for service of process” be made garnishee. The sheriffs return shows service on “Canal Blvd. Supermarket — in person — T. A. Caruso, owner”. Answers to the garnishment interrogatories were filed on behalf of “Canal Boulevard Supermarket” by the same attorney who had represented the employee-judgment debtor, as “Attorney for Garnishee”, and that attorney collected the fee provided by statute for doing so. The answers acknowledged the debtor’s employment and stated that the debtor owed the employer a debt for an advance on his wages which was being collected weekly from his salary. The answers were verified by “A. J. Caruso, owner of Canal Boulevard Bell Supermarket”, who merely attested to the correctness.
Thereafter, plaintiff filed a “Rule to Show Cause and Rule to Traverse Garnishment Interrogatories” and later a second supplemental petition for garnishment, both of which were directed to “Canal Boulevard Supermarket” and did not mention Anthony J. Caruso. No responsive pleadings were filed to either of these pleadings.[1]
On May 11,1976 (approximately the same time the judgment debtor filed bankruptcy proceedings) plaintiff filed the rule at issue in this appeal, naming “Canal Boulevard Supermarket” as defendant-in-rule, but praying for judgment against “Canal Boulevard Supermarket, and its owner, Anthony Caruso”.[2] The rule was personally served on Caruso. The trial court dismissed the rule, after being informed that Canal Boulevard Supermarket is the trade name of a proprietorship operated by Anthony J. Caruso and concluding that Canal Boulevard Supermarket was neither a corporation nor a person and was “therefore a legal nonentity”.
II
Seizure under garnishment becomes effective upon service of the petition, citation, and interrogatories. C.C.P. art. 2411. Seizure in a garnishment of wages includes both accrued and future earnings. R.S. 13:3923. By virtue of the seizure the garnishee becomes legal custodian of the wages and holds them subject to future orders of the court. Sun Sales Co. v. Hodges, 256 La. 687, 237 So.2d 684 (1970).[3]
The determinative issue in the present case — whether Anthony Caruso was ever made a garnishee — depends upon whether there was a seizure of the debtor’s accrued and future wages that ever became effective as to Caruso.
*1038 The supplemental petition for garnishment did not seek to make Caruso the garnishee. He was never cited to answer any pleadings, and he was never issued a notice of seizure or an order to withhold any wages. See C.C.P. art. 2412. And neither the supplemental petition for garnishment, the interrogatories, the order or the citation notifies the party attempted to be made garnishee that a seizure is thereby effected.
Garnishment of future wages is a harsh exception to the general law of seizures, and strict compliance with the garnishment statute is required of the seizing creditor. We hold that under the circumstances of the present case seizure (which becomes effective under the statute only upon service of the petition, citation and interrogatories) has never taken effect against Anthony Caruso.[4]
Finally, plaintiff contends that Caruso waived any objection to lack of service or defective service when he answered the garnishment interrogatories.
Generally, a defendant can waive objections to jurisdiction over the person by making a general appearance and thereby submitting himself to the jurisdiction of the court so that the court can render a personal judgment against the defendant. C.C.P. art. 6, 7. However, we have serious doubt that an employer sought to be made a garnishee, who has not been served with petition, citation and interrogatories, waives the requirements of C.C.P. art. 2411 for effectiveness of seizure by filing answers to the interrogatories. Nevertheless, Caruso did not file any answers to interrogatories; he merely attested to the correctness of the answers filed by an attorney on behalf of “Canal Boulevard Supermarket”.[5]
Accordingly, the judgment of the trial court is affirmed insofar as the rule against Anthony Caruso was dismissed.

AFFIRMED.

BEER, J., dissents and assigns reasons.

. Although the parties state that answers were filed to interrogatories attached to a second supplemental petition for garnishment, there are no further pleadings in the record by Caruso or Canal Boulevard Supermarket.

. This was the first time that Caruso was mentioned in any of plaintiff’s pleadings.

. In the Sun Sales case the seizing credit did not file for a judgment against the garnishee until two years after service of the petition, citation and interrogatories. The court disregarded the delay in obtaining the garnishment judgment and held the garnishee liable for wages not withheld after the seizure. The dissenting justice, noting that garnishment of future wages was a harsh exception to the general law of seizure, voted to construe the void in the law in favor of the garnishee, who “is a forced middleman collector and benefactor without compensation for the creditor, the debtor, and the courts”.

. C.C.P. art. 736 provides that a person doing business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business. The comment following states that the article legislatively overrules Rea v. Dow Motor Co., 36 So.2d 750 (La.App.2nd Cir. 1948), which held that suit brought against the owner only in the trade name was sufficient to justify rendition of judgment against the owner.
By analogy we hold that a petition for garnishment of future wages brought only in the trade name is not effective to make the owner a garnishee.

. Plaintiff relies on the case of Cobb v. Bergeron, 244 So.2d 126 (La.App.1st Cir. 1971), in which Harold Marks, d/b/a Marks Automotive Discount Center, was named as garnishee, and he answered the interrogatories admitting defendant’s employment. On appeal he argued that defendant was employed by Harold Marks Automotive Discount Center, Inc., of which he (Marks) was president, and that the corporation should have been named garnishee, since he had never done business as a sole proprietorship.
The Cobb case is distinguishable in that Marks was a person capable of being sued, and the court rendered a judgment against him by virtue of service upon him and by his appearance in the suit as an individual. Marks simply answered the interrogatories incorrectly and, as an individual, should have denied defendant’s employment.