BEER, Judge,
dissenting.
Scariano Brothers, Inc. obtained a judgment against Harold Backhaus for $3,460.50. Thereafter, a petition with attached garnishment interrogatories was directed to “Canal Boulevard Supermarket, thru its agent for service of process 5381 Canal Blvd., New Orleans, La.” The petition, citation and interrogatories were served upon “Canal Blvd. Supermarket in person to A. Caruso, owner.” Canal Boulevard Supermarket, through its attorney, filed answers to the interrogatories sworn to by “A. J. Caruso, owner of Canal Boulevard Bell Supermarket,” and signed “A. J. Caruso.” The answer to interrogatories stated, “I have no funds on hand belonging to Harold Backhaus” and, further, “He (Mr. Backhaus) receives a salary of $143.00 net per week out of which I have to deduct $30.00 per week to apply against a $560.00 indebtedness due me for advance draw against his wages.” The attorney for Canal Boulevard Supermarket made the usual mo *1039 tion for attorneys’ fees as provided for by R.S. 13:3927. Scariano Brothers, Inc. filed a rule to traverse the answers to interrogatories and sought to determine the status of the debt allegedly owed by Backhaus to Canal Boulevard Supermarkets and, thereafter, filed a rule to fix wages subject to the garnishment. Subsequently, Scariano Brothers, Inc. sought judgment against the garnishee, Anthony Caruso, who was cited and served at the same address as Canal Boulevard Supermarket.[1]
The trial court dismissed the rule and the motion for judgment, stating:
“1) all purported seizures and garnishments herein were issued against ‘Canal Boulevard Supermarket’ which is neither a corporation nor a person, and is therefore a legal non-entity against which a judgment cannot be rendered (C.C.P., Art. 736); and
2) Mr. Caruso was never personally sued, never cited, never ordered to seize or withhold wages, and was never otherwise made a party. Hence, all purported garnishments and seizures with regard to Canal Boulevard Supermarket and Anthony Caruso are null and void ab initio, and the rule and motion for judgment thereunder is hereby dismissed, each party to bear its own costs.”
Scariano devolutively appeals and, by subsequent stipulation between counsel for the parties, the issue before us was restricted as follows:
“In the context of this case was H. A. Caruso (sic), also known as Anthony Caruso, owner of Canal Boulevard Supermarket and/or Canal Boulevard Bell Supermarket, made garnishee herein.” (Emphasis mine.)
Appellee argues that Canal Boulevard Supermarket is a nonentity against which no judgment can be rendered, citing LSA-C.C.P. Art. 736. Appellant contends that Caruso, operating under the trade name “Canal Boulevard Supermarket,” effectively answered the interrogatories and is, essentially, estopped from contending that there are technical grounds for the relief he seeks.
The record indicates that the same attorney who represented the original defendant, Backhaus, filed all of the pleadings in behalf of the garnishee, Caruso and Canal Boulevard Supermarket. Those pleadings, including the answers to interrogatories, are not only signed by the attorney for the garnishee but verified, under oath, by A. J. Caruso, who affirms that he is “owner of Canal Boulevard Bell Supermarket” and that the answers to the interrogatories are true and correct. In his motion seeking payment of the fee as provided by R.S. 13:3927, counsel for Canal Boulevard Supermarket acknowledges that Canal Boulevard Supermarket has been “made garnishee herein” and has filed an answer to the interrogatories.
It is apparent from the record that A. J. Caruso is the owner of Canal Boulevard Bell Supermarket, does business as Canal Boulevard Bell Supermarket or Canal Boulevard Supermarket, and answered the garnishment interrogatories (under oath) in that capacity.
Though not entirely on all fours, I am influenced by Cobb v. Bergeron, 244 So.2d 126 (La.App.1st Cir., 1971). On the other hand, LSA C.C.P. Art. 736, which contemplates procedural capacity (or lack thereof) of a proprietorship doing business under a trade name, does not, in my view, form a basis for that entity to escape the otherwise orderly operation of the judicial process when it is either the author or the willing participant in the alleged confusion by which it thereafter seeks to exculpate itself. The same comments are applicable to LSA-C.C.P. Art. 2412.
Within the confines of the single issue which we were to address as the result of the stipulation between counsel, I conclude that H. A. Caruso, also known as Anthony Caruso, owner of Canal Boulevard Super *1040 market and/or Canal Boulevard Bell Supermarket, was made garnishee herein. Based upon this finding, I would reverse the judgment of the Civil District Court for the Parish of Orleans and remand this matter for further proceedings not inconsistent with this opinion. I reach no conclusion as to whether any amount is due Scariano Brothers, Inc. from Caruso. This amount (if any) should be left to the determination of the trial court when it applies the provisions of LSA-C.C.P. Art. 2411, et seq. to the facts of this case.
Accordingly, I respectfully dissent.

. At approximately that same time, Backhaus filed bankruptcy proceedings and was adjudicated a bankrupt.