444 So.2d 780 (1984)
Darlene LEONARDI
v.
The DRESS RACK and State Farm Fire and Casualty Company.
No. CA-0975.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1984.
*781 Tonry & Brodtman, Chalmette, Bruce G. Reed, New Orleans, for plaintiff-appellee.
Joseph R. Ward, Jr., Joseph L. von Rosenberg, III, New Orleans, for defendant-appellant State Farm Fire & Cas. Co. and defendant-appellee The Dress Rack.
Before BYRNES, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a judgment finding that plaintiff Darleen Leonardi suffered $13,000.00 in damages for injuries that she allegedly received in "The Dress Rack" ["Dress Rack"], a retail clothing establishment.
Plaintiff Leonardi sued Dress Rack and its insurer, State Farm Casualty and Insurance Company ["State Farm"] for injuries that she allegedly received when a potted plant fell and struck her on the head. After a trial by jury, the plaintiff was awarded $9,000.00.[1]
At trial, after the plaintiff finished the presentation of her evidence, defendant State Farm moved for a directed verdict on its behalf on the basis that the plaintiff had failed to introduce any evidence whatsoever that it was the insurer of Dress Rack. The trial court denied the directed verdict. Dress Rack also moved for a directed verdict which was granted on the basis that it had been sued as a corporation, although Dress Rack was merely a trade name. This directed verdict was granted.
The bases of this appeal are: (1) State Farm's contention that plaintiff failed to introduce any evidence that it was the insurer of defendant Dress Rack, and, therefore, it could not be liable for any damages that plaintiff might have suffered; and (2) plaintiff's assertion that Dress Rack should not have been dismissed from the suit.
I. STATE FARM
State Farm argues that the trial court erred in failing to grant its motion for a directed verdict and in rendering judgment against it on the ground that no evidence was introduced at trial that it was Dress *782 Rack's insurer. Plaintiff argues that State Farm admitted coverage by its actions, including questioning potential jurors on voir dire, appearing at the counsel table, and propounding interrogatories.
After reviewing the record, we can find no evidence presented at trial that State Farm was the insurer of Dress Rack. Furthermore, in its answer to the petition filed by the plaintiff, State Farm denied the allegation that it had any insurance coverage for the plaintiff.
We find the case of Barber v. Best, 394 So.2d 779 (La.App. 4th Cir.1981), to be applicable to this case. In Barber, the trial court held that a plaintiff could not recover from an insurance company when the insurance company had denied coverage and the plaintiff had failed to introduce any evidence as to coverage during the course of trial. This court held that the insurer's participation in the defense at trial, was inconclusive on the issue of insurance coverage. Id. at 780-81.
II. DRESS RACK
Plaintiff contends that the trial court erred in granting a motion for directed verdict in favor of Dress Rack. The judge based his decision on the lack of Dress Rack's corporate status. Plaintiff argues that because she requested the petition to be served on "The Dress Rack" through "their proper agent for service of process," Dress Rack has waived its right to object by not filing the declinatory exceptions of insufficiency of citation and insufficiency of service of process.
We find that the trial court did not err in granting the directed verdict. Article 736 of the Louisiana Code of Civil Procedure states: "A person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business." See also La.C.Civ.Pr. art. 687.
Any judgment against a trade name is a nullity. Cf. Scariano Bros., Inc. v. Backhaus, 359 So.2d 1036 (La.App. 4th Cir. 1978) (garnishment proceeding cannot be brought against a trade name). Dress Rack's failure to file exceptions, therefore, is irrelevant.
Furthermore, once Dress Rack denied its corporate status, it was incumbent upon plaintiff to prove that Dress Rack was a corporation. See Garden Hill Land Corp. v. Succession of Cambre, 306 So.2d 718, 723 (La.1975).
We note that plaintiff should not have been misled about Dress Rack's corporate status by its actions. As the trial court correctly pointed out, a corporation is required to have "Company," "Incorporated," "Corporation," "Limited," or abbreviations thereof in its name. La.R.S. 12:23. This, coupled with Dress Rack's denial that it was a corporation, should have placed plaintiff on notice that she would be required to prove Dress Rack's status.
For the foregoing reasons, the decision of the trial court to grant a directed verdict in Dress Rack's favor is AFFIRMED; the judgment against State Farm is REVERSED.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] The jury found the plaintiff to have been 30% at fault in the incident, and Dress Rack to have been at fault 70%.