492 So.2d 210 (1986)
Dorothy Mae WALKER
v.
SELF SERVICE STORAGE AND MINIWAREHOUSES, INC.
No. CA-4961.
Court of Appeal of Louisiana, Fourth Circuit.
July 11, 1986.
Steven Scheckman, New Orleans, for plaintiff-appellee Dorothy Mae Walker.
William Noland, New Orleans, for defendant-appellant Self Service Storage and Miniwarehouses.
Before GULOTTA, KLEES and BYRNES, JJ.
*211 KLEES, Judge.
Plaintiff, Dorothy Mae Walker, instituted an action against defendant, Self Service Storage and Miniwarehouses, Inc., seeking damages for the loss of property which resulted from defendant's alleged negligence in allowing an unauthorized person to enter plaintiff's storage unit and remove her property. The trial court granted judgment in favor of the plaintiff. Defendant appeals, arguing that the trial court's decision is contrary to the facts and law.
On August 21, 1982, plaintiff, Dorothy Mae Walker, entered into a lease agreement and lease addendum with the defendant, Self Service Storage and Miniwarehouses, Inc. (Self Service Storage), wherein defendant rented storage unit B-95 to the plaintiff. On that same day, plaintiff moved her property into unit B-95.
During 1983, Ms. Walker became delinquent on her account with Self Service Storage. Defendant, in accordance with its policies, cut plaintiff's lock on the storage unit, and placed its own lock on the unit. Plaintiff did not replace the defendant's lock with her own lock at any time, though she subsequently became current on her account through November 1983. The defendant's records verify that the defendant's lock had not been replaced by a lock owned by plaintiff.
On December 19, 1983, someone unauthorized and unknown to Ms. Walker, drove into Self Service Storage's facility and went to plaintiff's storage unit. Defendant's employees brought this individual back to the entrance to have him sign in. After speaking with this person, defendant's employees allowed him to enter the plaintiff's storage unit. No verification or authorization from the plaintiff was obtained.
There was no sign of forced entry into the storage unit, which was still secured by defendant's lock. The unknown person removed the plaintiff's property from the storage unit.
Ms. Walker was not advised by Self Service Storage's employees that her possessions had been removed until January 6, 1984, when plaintiff called defendant's employees to see how much back rent was owed. Ms. Walker had been in the hospital and had been unable to forward the rent in a timely matter for the month of December 1983. Ms. Walker subsequently went to Self Service Storage and verified that her possessions in unit B-95 had been removed.
The trial court found the defendant, Self Service Storage, negligent in opening Ms. Walker's storage unit to an unknown third party, and permitting that person to remove plaintiff's property from the unit.
On appeal defendant argues that the trial court's findings are manifestly erroneous. Specifically, defendant contends that the trial court's factual findings are manifestly erroneous. Defendant further contends that the trial judge erred in not considering the lease addendum, which provides that lessees store their goods at their own risk.
The factual findings of a trial court will not be disturbed on appeal unless the record establishes that the finding is manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1979). The record in this case clearly establishes that the defendant allowed a third party, unauthorized by the plaintiff, to enter plaintiff's storage unit and remove her possessions. Further, the record is clear that defendant's lock still secured plaintiff's storage unit. There was no evidence of forced entry. From these facts, it was reasonable for the trial court to infer, and so find, that defendant's employees opened the unit for an unauthorized person, and then allowed this individual to remove the plaintiff's possessions. We conclude that the findings of the trial court are not manifestly erroneous or clearly wrong.
Defendant also argues that the trial court erred in failing to apply the non-liability provisions of the lease and lease addendum. Paragraph 4 of the lease agreement provides that
Insurance on property stored on said premises for loss caused by fire, water, theft, Act of God, or otherwise, shall be obtained at Depositor's option and expense, *212 and Warehouseman (Self Service Storage) shall not be responsible for any such loss.
Further, the lease addendum states that "Tenants store goods at their own risk." Defendant contends that under these provisions, it cannot be liable for the theft of Ms. Walker's possessions.
Agreements legally entered into have the effect of law on those who have formed them and the courts are bound to give legal effect to such agreements according to the true intent of the parties. Allen v. Royale 16, Inc., 449 So.2d 1365 (La.App. 4th Cir.1984); L.S.A.-C.C. article 1983. The non-liability provision of the lease agreement provides that the defendant is not responsible for damages incurred by a lessee due to theft. Such provisions are typically given effect in absolving the lessor from liability for damages created by a third party. However, in the present case, defendant's failure to act created the situation through which plaintiff was deprived of her property. It is contrary to public policy to allow a party to prospectively absolve itself of liability for injuries incurred through its negligent acts. Whittington v. Sowela Technical Institute, 438 So.2d 236 (La.App. 3rd Cir.1983); writ denied, 443 So.2d 591, 592 (La.1983); Sandal & Lastrape v. City of Shreveport, 129 So.2d 620 (La.App. 2nd Cir.1961); Diamond Crystal Salt Company v. Thielmann, 395 F.2d 62 (U.S.C.A. 5th Cir.1968). We conclude that the trial court did not commit error in failing to apply the non-liability provisions of the lease agreement. These provisions absolve the defendant from liability for the acts of third parties. The provisions do not allow the defendant to avoid liability for its own negligent acts. Defendant's failure to utilize prudent identification and verification procedures created the situation which allowed the unknown third party to remove the plaintiff's property. The defendant's employees opened the storage unit for this individual without verifying the person's identity or authority.
Further, we agree with the plaintiff's argument that once Self Service Storage placed its own lock on the storage unit B-95, it became the depositary of the plaintiff's property. A deposit is an act by which a person receives the property of another, binding himself to preserve the property and return it in kind. L.S.A.-C.C. article 2926. Mutual consent and delivery of the property are two necessary elements in a contract of deposit. If the depositor surrenders possession and control in some degree, and the parties have demonstrated consent and intent, a depositor-depositary relationship may be established. Harper v. Brown & Root, Inc., 391 So.2d 1170 (La. 1983), on remand 398 So.2d 94 (La.App. 3rd Cir.1984).
In the present case, delivery of the plaintiff's property was completed when defendant placed its lock on storage unit B-95. At this point, defendant took control of the property, and implicitly consented to become depositary of plaintiff's property. Plaintiff had no possession or control over the property the entire time defendant's lock secured the storage unit. Defendant's policy was not to allow a person to enter the rented storage unit while the account was delinquent. Ms. Walker implicitedly consented to the depositor-depositary relationship when she allowed her account to become delinquent. The plaintiff knew at the time she rented the storage unit that defendant would place its lock on the unit if she ever became delinquent on her account. Further, Ms. Walker's consent is evident in view of the fact that Ms. Walker did not replace defendant's lock with one of her own once she became current on her account.
Once the depositor proves the existence of a contract of deposit and the loss of the deposited articles, there is a presumption that the depositary has not fulfilled his obligation to act as a prudent administrator. The burden then shifts to the depositary to overcome this presumption. Harper v. Brown and Root, Inc., supra; Mercer v. Columbia Equipment Co., Inc., 409 So.2d 1285 (La.App. 2nd Cir.1982); writ *213 denied 413 So.2d 507 (La.1982); Aetna Life and Casualty Co. v. O'Brien, 440 So.2d 966 (La.App. 3rd Cir.1983). The record is clear that plaintiff's property, left in defendant's possession and control, was taken by a third party. The record also establishes that the loss occurred due to defendant's failure to take adequate identification and verification procedures. The record is devoid of any evidence which refutes the presumption that defendant, Self Service Storage, did not act as a prudent administrator. We conclude that defendant, Self Service Storage, breached its duty as depositary of plaintiff's property, and therefore, is liable for the loss incurred by the plaintiff.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.