WARD, Judge.
This appeal arises from an attempted execution of a judgment against a non-existent legal entity. The judgment was rendered in a suit filed by Dorothy Mae Walker alleging that “Self Service Storage and Miniwarehouse, Inc. ... is a corporation organized under the laws of the State of Louisiana.... ” The answer neither denied nor admitted the allegation of corporate capacity. Nonetheless, the answer and most other defense pleadings merely referred to “Self Service Storage and Mini-warehouses” as if it were a trade name. The Civil District Court rendered a judgment in favor of Walker and against “Self Service Storage and Miniwarehouses” in the amount of $4,500.00 plus interest and costs. This Court affirmed. Walker v. Self-Service Storage and Miniwarehouses, Inc., 492 So.2d 210 (La.App. 4th Cir.1986). In execution of the judgment, Walker requested and was granted a writ of fieri facias and the appointment of a keeper of property to be seized from Self Service Storage and Miniwarehouses, Inc. While the sheriff was proceeding with the seizure, counsel for the defendant presented the deputies with an affidavit stating that all the property being seized was owned by *1278 an individual, Clark Taylor, and not by Self Service Storage and Miniwarehouses, Inc., and further, that the corporation owned no property at the business address.
Counsel for Walker then contacted the Corporations Division of the Louisiana Secretary of State’s Office. He was informed by letter that as of September 1986 no corporation was qualified under the name Self Service Storage and Miniwarehouses, Inc., but that a corporation named Self Service Storage of America, Inc. had filed articles of incorporation in 1970. The registered address of Self Service Storage of America, Inc. was the same as that for Clark Taylor who had been the agent for service of process in Walker’s suit against Self Service Storage and Miniwarehouses, Inc. and who later claimed to own all of the property at the address where the seizure was attempted.
With this information in hand, Walker’s counsel filed a pleading captioned ‘“Motion to Enforce and for Approval of the Continued Seizure of Defendants’ Property Pursuant to a Writ of Fifa, or; Alternatively Motion to Amend Judgment; and Motion for Disciplinary Sanctions, Attorney’s Fees and Costs.” At the hearing on the motions the only evidence submitted was the stipulation that throughout Walker’s lawsuit against Self Service Storage and Miniware-houses, Inc. the business was owned by Clark Taylor and operated under a trade name, presumably “Self Service Storage and Miniwarehouses.”
In a bizarre twist, although the suit was filed against Self Service Storage and Mini-warehouses, Inc., the judgment mistakenly reads “Self Service Storage and Miniware-houses.” This Court apparently overlooked the Trial Court’s mistake in the affirmation of the judgment against “Self Service Storage and Miniwarehouses, Inc.” Nonetheless, Walker cannot enforce the judgment against either the corporation or the trade name; the Corporation is non-existent and a judgment against a trade name is a nullity. Leonardi v. The Dress Rack, 444 So.2d 780 (La.App. 4th Cir.1984). Clark Taylor, doing business as Self Service Storage and Miniwarehouses, appar ently was the proper defendant in Walker’s action. La.C.C.P. art. 736. Taylor was not named as defendant in Walker’s suit, however, and the Trial Judge therefore denied Walker’s motions, stating as his reasons that the law provided her no remedy.
Walker appeals, arguing: 1) the defendant is bound by the pleadings in the original lawsuit in which it did not deny its corporate capacity; 2) Self Service Storage and Miniwarehouses, Inc. and Clark Taylor are estopped from now denying the lack of corporate capacity and from preventing the execution of the judgment upon Taylor’s property; and 3) disciplinary sanctions, attorney’s fees and costs should be imposed upon the attorney who represented the defendant throughout the proceedings.
Walker’s first argument is based upon Code of Civil Procedure Article 855, which states that the procedural capacity of a party shall be presumed unless challenged by the dilatory exception, and upon Article 1004, which states that allegations of the petition are admitted if not denied in the answer.
Self Service Storage and Miniwarehous-es, Inc. did not challenge its capacity to be sued as a corporation either by means of a dilatory exception or by answer. Accordingly, there is some merit in Walker’s argument that it is bound by the pleadings and obligated on the judgment against it as a corporation. Nonetheless, Walker’s arguments that the defendant should be held to its corporate capacity will not provide her with relief because, even if it is a corporation by estoppel, Self Service Storage and Miniwarehouses, Inc. has no assets. Therefore, in her second argument, Walker attempts to hold Taylor personally liable.
This argument is based primarily upon an analogy to Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), in which the plaintiff was permitted to amend her petition to name the proper party defendant shortly after the original petition was filed —albeit after prescription had run. Although there are parallels between Walker’s situation and that in Ray, there is a vast and insurmountable distinction between amending a petition in the early *1279 stages of a lawsuit and an amendment, such as Walker seeks, after judgment is rendered against the improper defendant. Hence, we reject Walker’s second argument.
Finally, we also reject Walker’s argument that the defendant’s attorney should be held liable for her damages. Although counsel’s conduct may raise a strong suspicion of bad faith, there is nothing in the record to prove conclusively that he knew, prior to the attempted execution of the judgment, that his client was not a corporation or that he acted in bad faith in defending the suit. Absent such proof, we cannot impose the extraordinary remedy which Walker seeks.
AFFIRMED.