897 So.2d 806 (2005)
Rose-Abena ASSENSOH
v.
DIAMOND NAILS, Professional Nail Care, their Employee Linda (Manicurist) and their XYZ Insurance Company.
Nos. 2004-CA-1130, 2004-C-2067.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 2005.
*807 Pius A. Obioha, New Orleans, LA, for Plaintiff.
James L. Donovan, Jr., Donovan & Lawler, Metairie, LA, for Defendant Diamond Nails.
Court composed of Judge PATRICIA RIVET MURRAY, Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO JR.
PATRICIA RIVET MURRAY, Judge.
This is a personal injury action. The defendant, Diamond Nails, appeals the trial court's decision awarding the plaintiff, Rose-Abena Assensoh, $30,000 in general damages. Diamond Nails also filed a writ application in this court seeking review of the trial court's denial of its motion to dismiss the judgment appealed from as a nullity. For purposes of judicial economy, we consolidated the writ application with the appeal. For the reasons that follow, we annul the judgment appealed from, dismiss the appeal as moot, and remand.

FACTUAL AND PROCEDURAL BACKGROUND
Ms. Assensoh alleges that on October 5, 2001 she went to Diamond Nails, a professional nail business, to get a manicure. She further alleges that the manicurist who did her nails that day, known only as "Linda," injured her left thumb. She still further alleges that her thumb became infected and required she be hospitalized for treatment.
On August 1, 2002, Ms. Assensoh filed this suit for damages, naming three defendants: *808 (i) Diamond Nails, a domestic business doing business in Orleans Parish; (ii) Linda, the manicurist whose full name was unknown; and (iii) XYZ Insurance Company. The only defendant who was served with the petition was Diamond Nails. On October 9, 2002, Diamond Nails answered the petition generally denying the allegations and asserting Ms. Assensoh's own negligence as an affirmative defense.
In response to Ms. Assensoh's discovery interrogatory asking who was the owner (or owners) of Diamond Nails, Diamond Nails answered that Minh Van Vo was the owner. In response to Ms. Assensoh's request for production of an insurance policy, Diamond Nails stated that "a certified copy of the policy of insurance issued by Allstate Insurance Company to Minh Vo dba Diamond Nails has been requested; and, a copy of that policy will be provided upon request." Despite these discovery responses identifying the actual owner and the actual insurer, Ms. Assensoh never amended her petition to assert a claim against either Minh Van Vo individually or against Allstate as insurer of Minh Van Vo d/b/a Diamond Nails. Instead, the case went to trial solely against Diamond Nails.
On March 30, 2004, a bench trial was held in this case. At trial, Ms. Assensoh was the sole witness that testified. Diamond Nails presented no evidence; rather, it rested after Ms. Assensoh presented her case. Contending that Ms. Assensoh had failed to meet her burden of proof, Diamond Nails moved for an involuntary dismissal. The trial court denied that motion. On April 14, 2004, the trial court rendered judgment in favor of Ms. Assensoh, awarding her $30,000 in general damages. From that judgment, Diamond Nails appeals.
On appeal, Diamond Nails asserts as assignments of error the trial court's: (1) finding that Ms. Assensoh met her burden of proof; (2) failing to find Ms. Assensoh comparatively at fault; (3) determining that Diamond Nails was vicariously liable for the acts of "Linda" the manicurist; (4) finding that Ms. Assensoh had proven a causal connection between the incident and all of her damages; and (5) awarding Ms. Assensoh $30,000 in general damages (no medical damages were awarded).
Noticeably absent from Diamond Nails' assignments of error is any contention that the judgment against Diamond Nails was a nullity because it was rendered against a non-legal entity (a trade name). Diamond Nails first raised this issue in its "Motion to Dismiss Judgment of April 14, 2004" as a nullity, which it filed in the trial court after its devolutive appeal was timely lodged in this court.
In its memorandum in support of its motion to dismiss, Diamond Nails contended that "Diamond Nails" is simply a trade name used by an individual, Minh Van Vo, in his cosmetology business, and that a judgment rendered against a trade name, a non-legal entity, is a nullity. In support of its factual contention that Diamond Nails is a non-legal entity, Diamond Nails attached to its motion to dismiss an affidavit, dated September 2, 2004, by Minh Van Vo. In his affidavit, Minh Van Vo attested that he is the owner of a cosmetology business located at 4130 Washington Avenue in New Orleans; that he was operating this business under the trade name of Diamond Nails on October 5, 2001 (the date of Ms. Assensoh's alleged injury); that his business is and always has been operated under the trade name Diamond Nails; and that his business has never been incorporated.
On November 9, 2004, the trial court denied Diamond Nails' motion to dismiss. In its judgment, the trial court stated that "the court was of the opinion that it did not have jurisdiction to entertain the motion *809 of defendant." From that judgment, Diamond Nails filed an application for supervisory writ with this court. In the interest of judicial economy, this court consolidated that writ application with the pending appeal.

ANALYSIS
In its writ application, Diamond Nails contends that the trial court legally erred in finding it lacked jurisdiction to entertain its motion do dismiss. In support, Diamond Nails cites La. C.C.P. art.2088(7), which lists the "[e]xecut[ion] or giv[ing] effect to the judgment when its execution or effect is not suspended by the appeal" as one of the matters over which the trial court has continuing jurisdiction as it is not reviewable on appeal.[1] The relief Diamond Nails is seeking does not fall within the ambit of La. C.C.P. art.2088(7). There is no evidence that Ms. Assensoh has attempted to take steps to enforce the judgment against Diamond Nails; hence, Diamond Nails is not seeking to halt the execution of the judgment. Rather, it is seeking to attack the judgment in the trial court as a nullity.
Although we find Diamond Nails' reliance on La. C.C.P. art.2088(7) misplaced, we nonetheless find the trial court has jurisdiction for another reason. The preamble to La. C.C.P. art.2088 expressly refers to the listing therein of the matters over which the trial court has continuing jurisdiction and which are not reviewable on appeal as "including" the right to take any of those listed actions. "The participle including typically indicates a partial list." Bryan A. Garner, Black's Law Dictionary, 777 (8th ed.2004). For this reason, the listing in Article 2088 has been characterized as "illustrative, but not exclusive." Roger A. Stetter, et al., Louisiana Appellate Practice Handbook § 5.2 (1989). This characterization is supported by the existence of other statutory provisions that contain particular reservations of the trial court's jurisdiction while an appeal is pending. For example, La. C.C.P. art. 2163 provides that a trial court has jurisdiction to try a peremptory exception of prescription that is pleaded for the first time on appeal if the plaintiff so requests. Id. Likewise, La. C.C.P. art.2005 contains *810 a particular reservation of the trial court's jurisdiction.
Article 2005 provides that "[a]n action of nullity does not affect the right to appeal" and that "[a] judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed." La. C.C.P. art.2005. Simply stated, this article provides that "the two remedies may be sought simultaneously." 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 12.6 (1999). "[T]he defendant must bring an action for nullity when the basis of her or his attack on the judgment does not appear in the record and therefore cannot be corrected by appeal." Id."[T]he practical effect behind requiring that the defendant bring an action to annul the judgment is to permit the introduction of additional evidence." Decca Leasing Corp. v. Torres, 465 So.2d 910, 915 (La.App. 2 Cir.1985).
Based on Article 2005, Diamond Nails properly filed an appeal and a motion to dismiss the judgment as a nullity simultaneously. As Diamond Nails points out, the record on appeal contains no evidence regarding its lack of procedural capacity to be sued-its non-legal entity status as a trade name. Diamond Nails thus was required to file a nullity action to assert, and introduce evidence in support of this claim. For these reasons, the trial court erred in finding it lacked jurisdiction to address Diamond Nails' motion to dismiss.
Turning to the merits of the nullity claim, Diamond Nails contends that, as established by Minh Van Vo's affidavit, it has always operated as a trade name. Diamond Nails further contends that a judgment rendered against a trade name, which is a non-legal entity, is a nullity. Diamond Nails thus contends that the April 14, 2004 judgment against it is a nullity. We agree.
This court has held that any judgment rendered against a trade name is a nullity. See Walker v. Self-Service Storage and Miniwarehouses, Inc., 517 So.2d 1277, 1278 (La.App. 4 Cir.1987); Leonardi v. Dress Rack, 444 So.2d 780, 782 (La.App. 4 Cir.1984); Scariano Bros., Inc. v. Backhaus, 359 So.2d 1036 (La.App. 4 Cir.1978); see also Louisiana Acorn Fair Housing v. Quarter House, 952 F.Supp. 352 (E.D.La.1997). Underlying this line of jurisprudence is the principle codified in La. C.C.P. art. 736 that a trade name is not a separate legal entity capable of being sued. Article 736 provides that "[a] person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business." La. C.C. P. art. 736. The Official Revision Comment to Article 736 states:
It has been held that a suit brought against the owner only in the trade name used was sufficient to justify rendition of judgment against the owner. Rea v. Dow Motor Co., 36 So.2d 750, 755-756 (La.App.1948). This results from an excessive liberality of pleading which disregards all of the basic principles of procedure, and will inevitably lead to difficulties. It is regarded as being completely unsound, since the business being done under a trade name is not a legal entity, and is without procedural capacity or status. This article legislatively overrules the Rea decision.
La. C.C.P. art. 736, Official Revision Comment.
In this case, the proper party defendant is not Diamond Nails, but rather its individual owner, Minh Van Vo. Although Diamond Nails was served, answered, and participated at trial without ever filing a dilatory exception (or in any other manner) asserting its lack of procedural *811 capacity to be sued, the failure to file such exception (or assert such a claim) is irrelevant because "[a]ny judgment against a trade name is a nullity." Leonardi, 444 So.2d at 782. Given the well-settled jurisprudence on this issue, we grant Diamond Nail's writ application and annul the April 14, 2004 judgment. However, we do not find Ms. Assensoh lacks a remedy.
In fashioning an appropriate remedy for Ms. Assensoh, we are guided by the Louisiana Supreme Court's decision in Walker v. Self-Service Storage and Miniwarehouses, Inc., 492 So.2d 210 (La.App. 4 Cir.1986), judgment annulled by, 519 So.2d 771 (La.1988), which involved a similar procedural scenario. In Walker, the plaintiff sued a non-existent corporation, Self Service Storage and Miniwarehouses, Inc. The defendant answered, yet neither denied nor admitted the allegations of corporate capacity. However, the defendant's answer and most other defense pleadings merely referred to Self Service Storage and Miniwarehouses as if it were a trade name. From a judgment in favor of the plaintiff against Self Service Storage and Miniwarehouses, a non-entity, the defendant appealed contending the judgment was contrary to the facts and the law. This court affirmed. Walker v. Self-Service Storage and Miniwarehouses, Inc., 492 So.2d 210 (La.App. 4 Cir.1986)("Walker I"  decided on July 11, 1986).
The plaintiff then attempted to execute that judgment against Self Service Storage and Miniwarehouses, Inc. An individual named Clark Taylor executed an affidavit averring that the property being seized was owned by him, which apparently halted the execution of judgment. In response, the plaintiff's counsel filed a motion to enforce and continue seizure of the property, or alternatively, to amend the judgment. At the hearing on the motions, it was stipulated that throughout the lawsuit the business was owned by Clark Taylor and operated under a trade name, Self Service Storage and Miniwarehouses. Denying the motions, the trial court found that the law provided the plaintiff with no remedy. On appeal, this court affirmed. Walker v. Self-Service Storage and Miniwarehouses, Inc., 517 So.2d 1277, 1278 (La.App. 4 Cir.1987)("Walker II"  decided on December 15, 1987).
In affirming the trial court in Walker II, we noted that Clark Taylor d/b/a Self Service Storage and Miniwarehouses apparently was the proper party defendant pursuant to La. C.C.P. art. 736 and that "a judgment against a trade name is a nullity." Walker II, 517 So.2d at 1278 (citing Leonardi). Rejecting the plaintiff's argument that Clark Taylor should be held personally liable, we reasoned:
This argument is based primarily upon an analogy to Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), in which the plaintiff was permitted to amend her petition to name the proper party defendant shortly after the original petition was filed  albeit after prescription had run. Although there are parallels between Walker's situation and that in Ray, there is a vast and insurmountable distinction between amending a petition in the early stages of a lawsuit and an amendment, such as Walker seeks, after judgment is rendered against the improper defendant.
Walker II, 517 So.2d at 1278-79. Thus, we affirmed the trial court judgment that the plaintiff had a judgment but no one against whom to execute it  that she was without a legal remedy.
Thereafter, the plaintiff apparently filed a nullity action in the trial court. See La. C.C.P. art.2006 (providing that "[a]n action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the *812 appellate court.") From the trial court's decision denying the nullity action, the plaintiff filed an application for supervisory writ.
On February 12, 1988, the Louisiana Supreme Court granted the plaintiff's writ application and in a per curiam opinion annulled our judgment in Walker I, holding:
The judgment of the lower courts rendered in Walker v. Self-Service Storage and Miniwarehouses, Inc., 492 So.2d 210 (La.App. 4 Cir.1986), is annulled. La. C.C.P. arts.2004, 2164. We grant plaintiff's motion for new trial and remand the case to the trial court. Plaintiff is granted leave to amend her petition to name the proper party defendants. We further note plaintiff's claim against Clark W. Taylor has not prescribed. Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983).
519 So.2d at 771.
As noted, we find the equitable remedy the Louisiana Supreme Court crafted in Walker controlling in this case. We thus find it appropriate under La. C.C.P. arts.2004 and 2164 to grant Ms. Assensoh a new trial and to remand this case to the trial court with instructions that she be allowed leave to amend her petition to name the proper party defendant, Minh Van Vo d/b/a Diamond Nails. We further find that Ms. Assensoh's claim against Minh Van Vo d/b/a Diamond Nails is not prescribed. As the Louisiana Supreme Court found in Walker, such an amendment relates back to the date of the filing of the original petition under Alexandria Mall. See La. C.C.P. art. 1153.[2] Given our finding that the April 14, 2004 judgment appealed from is a nullity, we find, as Diamond Nails suggests, the appeal from that judgment is moot.

DECREE
For the forgoing reasons, we grant the application for supervisory writ, vacate the trial court's April 14, 2004 judgment, dismiss the appeal from that judgment as moot, and remand for further proceedings.
WRIT GRANTED, JUDGMENT VACATED, APPEAL DISMISSED AS MOOT, AND REMANDED.
NOTES
[1] La. C.C.P. art.2088 states:

The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
(10) Set and tax costs and expert witness fees.
[2] Such an amended claim would arise out of the same transaction or occurrence set forth in the original petition. The substitute defendant, Minh Van Vo d/b/a Diamond Nails, would not be prejudiced, as he should be presumed to know of the mistake Ms. Assensoh made in naming Diamond Nails instead of Minh Van Vo d/b/a Diamond Nails. Indeed, Diamond Nails's attorney responded to Ms. Assensoh's requests for production of documents that a copy of an insurance policy issued to "Minh Vo dba Diamond Nails" had been requested, and that a copy would be provided to plaintiff. Finally, Minh Van Vo d/b/a Diamond Nails would not be a wholly new or unrelated party. Thus, all four of the Ray criteria are satisfied, and Ms. Assensoh's amended petition substituting Minh Van Vo d/b/a Diamond Nails as the proper party defendant will relate back to the date of the filing of her original petition under La. C.C.P. art. 1153.