STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**15-1171**


**STATE OF LOUISIANA
BOARD OF ETHICS**

**VERSUS**

**MAUREEN ROBBINS SAUNDERS, AND
THE HON. CLYDE R. WEBBER, JR.,
CLERK OF COURT FOR CONCORDIA PARISH**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 49682
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**

**JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**REVERSED AND RENDERED.**

Saunders, J., concurs with written reasons.

**Kathleen M. Allen**
**Michael D. Dupree**
**Tracy M. Barker**
**Suzanne Mooney**
**Brett Robinson**
**Vivian H. Williams**
**Post Office Box 4368**
**Baton Rouge, LA 70821**
**(225)219-5600/800-842-6630**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **State of Louisiana Board of Ethics**

**Maureen Robbins Saunders, In Proper Person**
**210 Elm Street**
**Vidalia, LA 71373**
**DEFENDANT/APPELLEE:**
      **Maureen Robbins Saunders**

**SAUNDERS, Judge.**

The State of Louisiana Board of Ethics (the BOE) appeals the amended judgment of the trial court which qualified Maureen Robbins Saunders (Ms. Saunders) as a candidate for the Office of Alderman, District 3, City of Vidalia, Parish of Concordia (the Office of Alderman), conditioned upon her payment of all outstanding late fees, fines, and penalties. For the following reasons, we reverse the trial court's judgment and render judgment disqualifying Ms. Saunders as a candidate for the Office of Alderman.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of Ms. Saunders' notice of qualification for candidacy for the Office of Alderman. Ms. Saunders was an incumbent member and had served on the Board of Alderman for eighteen years.

When Ms. Saunders allegedly did not timely file a 2013 Tier 3 Annual Personal Financial Disclosure Statement, the BOE alleges that Ms. Saunders received a notice of delinquency on January 27, 2015. The BOE then issued an order assessing a $1,500.00 late fee to Ms. Saunders on March 18, 2015. The letter accompanying the order informed Ms. Saunders that she had twenty days from receipt of the letter to either request a waiver or appeal the assessment.[1] The letter further stated "that unpaid fines, fees, or penalties may have an adverse effect on your ability to run for public office, as the *Board of Ethics* will object to your candidacy in future elections pursuant to La.R.S. 18:491 and 18:492." That letter was dated March 18, 2015, and was transmitted to Ms. Saunders via certified mail,

---

[1] Although Ms. Saunders later requested a waiver, there is no evidence that Ms. Saunders contested the assessment or the grounds therefore.

return receipt requested. Ms. Saunders acknowledged in her trial testimony that she received this letter, and it was admitted into evidence.

The BOE alleges that Ms. Saunders did not timely request a waiver of this late fee. The BOE sent a letter to Ms. Saunders on May 13, 2015, which informed her that her request for a waiver was untimely and that the $1,500.00 late fee was due and owing and must be paid within ten days of the date of the letter. Again, the letter informed Ms. Saunders "that unpaid fines, fees, or penalties may have an adverse effect on your ability to run for public office, as the *Board of Ethics* will object to your candidacy in future elections pursuant to La.R.S. 18:491 and 18:492." Ms. Saunders acknowledged receipt of this letter in her trial testimony, and it was admitted into evidence.

A demand letter was sent to Ms. Saunders on May 21, 2015, again containing the warning about an adverse effect on the ability to run for public office. On July 10, 2015, the late fee order dated March 18, 2015, was transferred to the Louisiana Attorney General's Office for collection proceedings.

On July 17, 2015, the BOE sent a letter to Ms. Saunders notifying her that she had an outstanding late fee and that the BOE would object to her candidacy to any elected office as long as the late fee remained outstanding "even if you have a payment plan." The letter also advised that "[p]rior to qualifying, you must submit your payment for the **full amount owed**." (Emphasis added.) Ms. Saunders made a $100.00 payment on September 22, 2015.

Ms. Saunders submitted her notice of candidacy to run for the Office of Alderman for the March 5, 2016 election to the Honorable Clyde R. Webber, Jr., Clerk of Court of the Parish of Concordia (Clerk of Court) on December 2, 2015. That notice contained a certification by Ms. Saunders that she did "not owe any

2

outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics." The notice of candidacy was admitted into evidence at the hearing, and Ms. Saunders confirmed that her signature appeared thereon and acknowledged the certification that she did not owe any fines, fees, or penalties. Ms. Saunders' trial testimony also confirmed that she was aware that, at the time of the hearing, she still owed $1,400.00.

On December 11, 2015, the BOE filed an objection to Ms. Saunders' candidacy alleging that Ms. Saunders owed fines totaling $1,400.00 to the BOE which were outstanding as of the filing of her notice of candidacy such that her certification was falsely sworn and that, consequently, Ms. Saunders was prohibited from becoming a candidate for alderman pursuant to La.R.S. 18:429(A)(6).

The matter came for hearing on December 14, 2015. Without objection from Ms. Saunders, the BOE introduced seven exhibits into evidence: (1) the sworn notice of candidacy; (2) letter dated March 18, 2015, and a certified true copy of the order assessing the $1,500.00 late fee; (3) letter dated May 13, 2015, indicating that Ms. Saunders' request for waiver was untimely; (4) a certified true copy of the demand letter dated May 21, 2015; (5) a certified true copy of the transmittal sheet dated July 10, 2015, to the Attorney General; (6) affidavit of Stacey T. Landry (attorney for the BOE) regarding the outstanding late fee; and (7) a certified true copy of the BOE's objection to candidacy dated July 17, 2015.

Ms. Saunders, who acknowledged that she wished to appear without counsel, did not submit any evidence. In a statement to the court, Ms. Saunders said: "I've been in office eighteen (18) years[,] and all I can say is, I didn't realize

that the fee had to be paid in complete, or I would have made the payment after qualifying."

On December 15, 2015, at 11:26 a.m., the trial court initially signed a judgment disqualifying Ms. Saunders from running for alderman. Notice of judgment was mailed that same day. At 11:39 a.m., on its own motion, the trial court signed an amended judgment finding that Ms. Saunders was qualified to run "on the condition of payment of all outstanding fees, fines, and penalties due to the [BOE] within 3 days from" December 15, 2015. Notice of judgment was mailed that same day.

The BOE filed a motion for appeal on December 15, 2015, stating that it wished to appeal the amended judgment of the trial court. The order granting the appeal was signed on December 16, 2015.

On December 17, 2015, the BOE asserts that it filed a motion for nullity in the trial court, seeking to have the amended judgment declared a nullity on the grounds that the amendment was substantive. No ruling by the trial court has been made on this motion.

The BOE asserts two assignments of error on appeal. First, the BOE argues that the amended judgment is null because it substantially altered the original judgment. Second, the BOE argues that trial court erred in overruling its objection to Ms. Saunders' candidacy where the evidence showed that she falsely certified that she did not owe any outstanding fines.

## DISCUSSION

The BOE argues that the amended judgment finding Ms. Saunders to be qualified conditioned upon the payment of the amount owed is a nullity since it substantially altered the original judgment that disqualified her. Louisiana Code of

4

Civil Procedure Article 1951 provides, in pertinent part, that: "[o]n motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation."

The BOE filed its motion to annul the amended judgment after an order of appeal regarding the amended judgment had been signed by the trial court. However, La.Code Civ.P. art. 2005 provides that "[a] judgment may be annulled prior to or pending an appeal therefrom" and that "[a]n action of nullity does not affect the right to appeal." In *Assensoh v. Diamond Nails*, 04-1130, p. 6 (La.App. 4 Cir. 2/16/05), 897 So.2d 806, 810, *writ denied*, 05-601 (La. 4/29/05), 901 So.2d 1073, the fourth circuit noted that "this article provides that 'the two remedies may be sought simultaneously.' 1 Frank L. Maraist and Harry T. Lemmon, *Louisiana Civil Law Treatise: Civil Procedure* § 12.6 (1999)."

The BOE's motion for nullity is still pending in the trial court. We pretermit discussion of the merits of that motion as we find that the trial court committed manifest error in finding that Ms. Saunders was qualified to run for the Office of Alderman based on the evidence before us. We seek to avoid multiple appeals in this matter and are of the opinion that a resolution of this matter on the merits of the amended judgment best serves the interests of judicial economy in this election suit where time is of the essence.

The BOE asserts that Ms. Saunders must be disqualified as a candidate for the Office of Alderman because she falsely certified that she did "not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics." We agree.

Louisiana Revised Statutes 18:492(A)(6) provides that:

> An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
>
> . . . .
>
> The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics as provided in R.S. 18:463(A)(2).

The party "objecting to candidacy bears the burden of proving that the candidate is disqualified." *Landiak v. Richmond*, 05-758, pp. 6-7 (La. 3/24/05), 899 So.2d 535, 541. Further explaining the burden of proof in a case regarding the qualification of a candidate, the Louisiana Supreme Court in *Landiak*, *Id*. at 542, stated that:

> the legal term "burden of proof" "denotes the duty of establishing by a fair preponderance of the evidence the truth of the operative facts upon which the issue at hand is made to turn by substantive law." Black's Law Dictionary (8th ed). Under Louisiana's civil law, the "burden of proof" may shift back and forth between the parties as the trial progresses. Therefore, when the burden of proof has been specifically assigned to a particular party, that party must present sufficient evidence to establish the facts necessary to convince the trier of fact of the existence of the contested fact. Stated another way, the party on which the burden of proof rests must establish a *prima facie* case. If that party fails to carry his burden of proof, the opposing party is not required to present any countervailing evidence. On the other hand, once the party bearing the burden of proof has established a *prima facie* case, the burden then shifts to the opposing party to present sufficient evidence to overcome the other party's *prima facie* case.

In its reasons for judgment, the trial court stated as fact that:

Saunders was provided with a payment plan by the BOE in which to pay the sum of $1500.00. She in fact paid $100.00 on the plan[,] but there is still remaining outstanding the sum of $1400.00 for which she was never provided a time frame for payment by the BOE of the remaining balance due. Had such a time frame been provided to her, Saunders testified that she would have been compliant therewith and further testified that she is now and has always been willing to pay the said $1400.00 delinquency. Saunders further testified that she was

6

never advised by the BOE that said payment plan had to be paid in full prior to her qualifying and running for the office which she presently occupies and would have made said payment upon being so advised.

We find that the BOE carried its initial burden of proof by offering evidence that Ms. Saunders was informed on several occasions that she had a balance owing, that unpaid fines, fees, or penalties would adversely affect the ability to run for public office, that the BOE would object to candidacy in future elections pursuant to La.R.S. 18:491 and 18:492, and that the balance must be paid in full prior to qualifying. Ms. Saunders' testimony also established that she received these letters and was aware of their contents and was aware of the fact that the balance was due, owing, and remained unpaid at the time she filed her notice of candidacy.

Thus, the burden then shifted to Ms. Saunders to submit "countervailing evidence to overcome the plaintiff's proof." *Landiak*, 899 So.2d at 546. Although, the trial court indicates that there was a payment plan in place, the record is devoid of any evidence or testimony to support such a finding. Therefore, we find that the trial court was manifestly erroneous in concluding that there was a payment plan in place that Ms. Saunders was unaware had to be paid in full.[2] There is no conflict in the evidence or testimony, and the evidence clearly shows that Ms. Saunders knew that she owed money under the Code of Governmental Ethics at the time she filed her notice of candidacy. Even though the trial court's reasons for judgment seem to suggest that Ms. Saunders had a good faith belief that she did not have to pay the whole amount in order to certify that she did not owe any late fees in her notice of candidacy, we agree with the BOE that any confusion or lack of knowledge of

---

[2] Although the trial court seems to suggest that Ms. Saunders was confused about whether she had to pay the full amount due in order to be qualified, there is no evidence or testimony to support this finding. The June 17, 2015 letter clearly advised that the fine must be paid in full even if a payment plan was in place.

7

the law are irrelevant to the determination at issue herein. *See State Board of Ethics v. Garriga*, 15-1800 (La. 10/9/15), ___ So.3d ___, and *State Board of Ethics v. Arnold*, 15-1795 (La. 10/9/15), 176 So.3d 1029.[3]

Based on the evidence submitted, Ms. Saunders' certification that she did "not owe any outstanding late fines, fees, or penalties pursuant to the Code of Governmental Ethics" was false. Consequently, she is prohibited by law from becoming a candidate for the Office of Alderman.

## DECREE

For all of the foregoing reasons, the trial court's judgment finding Maureen Robbins Saunders qualified as a candidate of the Office of Alderman, District 3, City of Vidalia, Parish of Concordia (the Office of Alderman), conditioned upon her payment of all outstanding late fees, fines, and penalties is reversed. We render judgment in favor of the State of Louisiana Board of Ethics, declaring Ms. Saunders ineligible as a candidate for the Office of Alderman, and she is hereby disqualified.

**REVERSED AND RENDERED.**

---

[3] In *Garriga*, ___ So.3d ___ , the Louisiana Supreme Court reversed the second circuit's qualification of a candidate. Garriga requested a waiver and testified that he "assumed" the matter was taken care of when he did so. The trial court and the second circuit concluded that based upon its evaluation of Garriga's credibility that his certification that he owed nothing was not false at the time he made it. The lower courts noted that Garriga had a reasonable belief that he owed no late fee. Without giving reasons, the Louisiana Supreme Court reversed and disqualified Garriga.

In *Arnold*, 176 So.3d 1029, the Louisiana Supreme Court reversed the second circuit's qualification of a candidate where the second circuit found that he had no intent to make a false certification about monies owed based on his stated subjective belief that the assessment was not final. The BOE submitted proof that the late fee was in fact final. The Louisiana Supreme Court disqualified Arnold.

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-1171

STATE OF LOUISIANA
BOARD OF ETHICS

VERSUS

MAUREEN ROBBINS SAUNDERS, AND
THE HON. CLYDE R. WEBBER, JR.,
CLERK OF COURT FOR CONCORDIA PARISH

Saunders, J., concurring.

This entire litigation was set into motion by the defendant's failure to timely file a 2013 Tier 3 Annual Personal Financial Disclosure Statement. The statute requiring such a filing was passed in the recent years under the auspices of transparency in government. This and other similar regulatory requirements are often handled by clerical staff, accountants, or attorneys working for elected public officials. These staff members are trained to handle ministerial matters of this type and work these duties into their daily routine. Persons elected to some of the less high profile offices in the state, such as alderman of smaller communities like Vidalia, often have no clerical staff, accountants, or attorneys at their disposal and the public officials are often paid little or no remuneration for their services. In these circumstances, the requirements can be challenging and onerous and, in some circumstances, a real hardship. Nevertheless, the Legislature has seen fit to impose the same requirements on these officials as those of the more high profile category.

The imposition of a fine of $1500.00 for failure to file a disclosure report might indeed be considered harsh in the case of a public official from a small community serving in a position with little or no remuneration. Under these circumstances, it is easy to argue that the proposed disposition by the district judge to allow the candidate to run upon payment of the outstanding balance seems

1

equitable, fair, reasonable, and that it achieves the purposes mandated by the Legislature. Under these circumstances, the passion that the law has for allowing persons to seek elected office would seem to suggest that an affirmation of the trial judge might be appropriate. *See e.g. Louisiana Bd. of Ethics v. Wilson*, 14-925 (La.App. 3 Cir. 9/9/14), 161 So.3d 785, *writ denied*, 14-1908 (La. 9/15/14), 148 So.3d 938 . This, however, is not the case. When the law is clear, the court shall not ignore the letter of the law in looking for the spirit. La.Civ.Code art. 9; La.R.S. 1:4. Judicial restraint mandates that we follow the clear wording of the statutory law and the jurisprudence of our supreme court. Under these circumstances, we must reverse. Nevertheless, it is with great discomfort and reservation that I concur in the result, noting that the greater purpose and greater equity of the law may be undermined by an overly strict application of statutory law, which may fairly be called draconian, and, if properly challenged, might well be found to be unconstitutional. We may, at least, hope that the Legislature, in the foreseeable future, will revisit this most awkward statutory mandate.